C & H TRANSPORTATION COMPANY, Inc., Appellant,

v.

A. W. WRIGHT, Appellee.

No. 165.

Court of Civil Appeals of Texas.

Tyler.

Oct. 28, 1965.

Rehearing Denied Dec. 2, 1965.

444

Richard Grainger, Ramey, Brelsford, Flock & Devereux, Tyler, for appellant.

Charles Clark, Calhoun & Clark, Tyler, for appellee.

MOORE, Justice.

Plaintiff, A. W. Wright, brought this suit against his former employer, C & H Transportation Company, Inc., defendant, alleging in Paragraph II of his petition that during the year 1963 he worked as an employee for the defendant, but on or about March 1, 1964, defendant terminated his employment; that upon termination of his employment, defendant issued him a Driver Settlement Statement in which the company purported to arrive at the amount of money due him by reason of his employment with the company, and that the Driver Settlement Statement contained an entry thereon showing that the company had advanced him the sum of $470.55 on February 12, 1964. He alleged that this amount of money was never advanced to him and by reason of this, the payment made by the company on settlement of the account was $470.55 less than the amount actually owed to him.

He alleges that although he had made numerous demands upon the defendant for the payment of the $470.55, defendant refused to pay the same and he was compelled to employ attorneys to represent him in this connection and was therefore entitled to an attorney's fee in the amount of $225.00.

In addition to the claim, plaintiff also alleged in Paragraph IV of his petition that:

"During the time Plaintiff was an employee of Defendant, he was covered

by a policy of insurance issued by the Tennessee Life Insurance Company. This was a group insurance plan which covered his hospital and medical expenses and certain disability benefits. Plaintiff does not have a copy of that policy of insurance and hereby makes demand upon Defendant to produce same. While Plaintiff was in the hospital, prior to his termination as an employee of Defendant, and was unable to attend to his own affairs, his wife and father-in-law contacted Defendant in regard to the time which Plaintiff would be terminated as an employee of Defendant. They were assured that Plaintiff would not be terminated until May 1, 1964, and that under the terms and provisions of the said insurance policy that it could be converted to an individual policy by application to the Company within thirty days of the date of termination. Thus, Defendant contracted and agreed with Plaintiff that he would not be terminated until May 1, 1964, but in complete disregard for that contract and agreement Defendant terminated Plaintiff without giving him notice of such fact on March 1, 1964. Plaintiff, unmindful of the fact that he had been terminated on March 1, 1964, gave notice to Tennessee Life Insurance Company on April 28, 1964, that he wished to convert his policy of insurance to an individual policy. Plaintiff did this on the assurance of Defendant that he was not to be terminated until May 1, 1964. However, Tennessee Life Insurance Company notified Plaintiff on June 2, 1964, that since he had been terminated on March 1, 1964, that his application to convert his insurance to individual coverage came too late. By reason of this fact, Plaintiff has been unable to convert the said policy of insurance to an individual policy and by reason of his health at this time he is unable to secure any insurance. By reason of this fact and by reason of his continued disability which in all probability will continue for the remainder of his life, causing Plaintiff to incur hospital and other medical expenses which would have been paid by the Insurance Company under the terms and provisions of the policy referred to hereinabove, Plaintiff has been damaged in the sum of $10,000.00."

The court rendered a default judgment against the defendant. The judgment recites that the defendant, although duly served with process, failed to appear or answer therein and that the plaintiff was therefore entitled to recover judgment by default; but that it appearing to the court that the cause of action was unliquidated, the court proceeded to hear evidence, and the evidence having been heard by the court and it appearing to the court that the plaintiff had been damaged by the defendant, C & H Transportation Company, Inc., plaintiff was entitled to the following judgment:

"A. The sum of *$470.55* as wages due under the employment contract between Plaintiff and Defendant.

"B. The sum of *$200.00* as attorneys' fee in connection with the claim for wages due under the above mentioned employment contract which the court finds to be a reasonable attorneys' fee.

"C. The sum of *$5000.00* by reason of the breach of the contract not to terminate Plaintiff as an employee of Defendant as set forth in Paragraph IV of Plaintiff's Original Petition to which reference is here made."

C & H Transportation Company, Inc. has perfected this appeal by writ of error seeking a revision, and correction of the judgment and has assigned three Points of Error, alleging (1) that the petition fails to state a cause of action which would be good as against a general demurrer, and (2) that the judgment does not conform to the pleadings as a matter of law, and (3) that the pleadings do not give fair notice as to the nature of the plaintiff's claim in the relief sought.

■ The rules authorize the taking of a judgment by default. In order to support such a judgment, it is essential that the petition show a good cause of action upon which a default judgment can be entered. Griswold v. Carlson, 151 Tex. 246, 249 S.W.2d 58. Under Rule 90, Texas Rules of Civil Procedure it is provided that every defect, omission, or fault in a pleading, either of form or substance, is waived unless complained of in the lower court; but the rule also specifically proves "*[T]hat this rule shall not apply as to any party against whom default judgment is rendered.*" (Emphasis supplied.)

■ Rule 47, T.R.C.P. provides that the pleadings must give a party fair notice of the claim involved and it is therefore clear from Rule 90 aforesaid that a party seeking a reversal of a default judgment because of defects, omissions or faults in pleadings, either in form or substance, does not waive the insufficiency of the pleadings merely because of the default, and in order to be sufficient to support a default judgment, a plaintiff's petition must at least set forth sufficient of the facts and circumstances which constitute his cause of action as to fairly notify his adversary of the basis of his claim and of the relief which he is seeking. See Volume 4, McDonald Texas Civil Practice, Section 1723, page 1372; White v. Jackson, (Tex.Civ. App.) 358 S.W.2d 174.

■ In determining the sufficiency of a pleading to support a judgment by default, the averments of the pleadings are to be taken as proven or confessed; and, if the pleadings do not inform the court what judgment to render, that is, if it does not, with sufficient certainty, set forth the cause of action as to the name of parties, dates, amounts, etc., to enable the court to render judgment without information aliunde, it is not sufficient, and the judgment cannot be sustained. Morgan v. Davis, (Tex.Civ. App.) 292 S.W. 610; Anderson v. Dreyfuss & Son, (Tex.Civ.App.) 32 S.W.2d 527.

■ Bearing in mind the rules and principles above mentioned, we shall now attempt to apply them to the petition here under challenge. The sum and substance of Paragraph II of plaintiff's petition is that "Plaintiff worked as an employee" for defendant and upon the termination of his employment, a settlement was made in which he received $470.55 less than the amount due and owing him. Although the pleading does not use the word "contract", we surmise that plaintiff is attempting to allege a breach of some type of contract of employment. A contract is a promise or set of promises to which the law attaches legal obligations. Williston on Contracts, Vol. 1, Sec. 1, page 1. Since employment creating the relation of master and servant, principal and agent, employer and employee, and so forth, results only from a contract, the averment in a pleading attempting to allege a cause of action upon the contract that "Plaintiff worked as an employee of defendant" is likewise only a conclusion of law. There is no allegation of the beginning or expiration date of the contract. There is no allegation of the type of work to be performed; there is no allegation as to the compensation to be paid and received; there is an entire omission to allege performance or even what would constitute performance, and there is no allegation as to the amount which plaintiff claimed to be due and owing him at the time of the termination of his employment.

■ The allegation that "plaintiff worked as an employee" and also the allegation that "defendant paid plaintiff on settlement $470.55 less than the amount actually owed to him" is a purely legal conclusion, without facts in support thereof, and is not therefore sufficient to support the judgment by default. White Motor Company v. Loden, (Tex.Civ.App.) 373 S.W.2d 863; White v. Jackson, supra. Appellee's claim for attorneys' fees must likewise fall.

Turning now to Paragraph IV of plaintiff's original petition, the sum and sub-

stance of the allegation is that defendant contracted and agreed that his employment would not be terminated until May 1, 1964, but that defendant breached the contract by terminating his employment on March 1, 1964, and as a result thereof he suffered damages in that the termination of his employment resulted in the cancellation of a certain policy of hospitalization insurance.

In the case of J. M. Radford Grocery Company v. Jamison, (Tex.Civ.App.) 221 S.W. 998, it is said: "* * * A declaration in an action on a contract must aver every [essential] part of it. So much of the contract as is essential to the cause of action should be specially set out. The material facts of a contract cannot be presumed; * * *. The petition alleges no consideration. In our system of pleading no presumption of consideration exists, and one seeking to enforce a contract, or to recover damages for its breach, is required to both plead and prove a valid consideration for the undertaking. * * *"

The alleged contract not to terminate the employment of the plaintiff was not in writing. The necessity of alleging and proving the consideration in an oral contract in order to enforce its terms is a rule elementary and long established by the decisions of this state. Cisco & N. E. R. Co. v. Ricks, (Tex.Civ.App.) 33 S.W.2d 878; Hardwicke v. Trinity Universal Ins. Co., (Tex.Civ.App.) 89 S.W.2d 500.

Evidently, the "agreement" referred to in plaintiff's pleadings and thought to be made the basis of legal liability in this suit is an agreement without consideration and one which the courts never undertake to enforce. Moreover, plaintiff does not allege that the promise not to terminate his employment was made to him, or that he agreed to continue to perform services for defendant. The allegation is that such a promise was made to his wife and father-in-law, neither of whom are alleged to be his agent. At most, the agreement, if any, not to terminate plaintiff's employment was but a gratuitous promise, not made to the plaintiff but to his wife and father-in-law.

Another reason why the judgment in favor of the plaintiff cannot be permitted to stand is found in the fact that plaintiff's case is not for damages growing out of the employment contract, but is for special damages which are alleged to have resulted from the breach of the contract. Damages resulting naturally, but not necessarily from acts complained of, are special damages. Damages necessarily arising from breach of contract and not reasonably contemplated by the parties as likely to arise therefrom cannot be recovered without allegations and proof of knowledge by the parties breaking it of the special circumstances producing such damages. Cisco & N. E. R. Co. v. Ricks, supra.

We therefore conclude that Paragraph IV when tested by a general demurrer does not state a cause of action and will not therefore support a judgment by default.

The judgment of the trial court is therefore reversed and the cause remanded for trial.

Reversed and remanded.