**FIRST NATIONAL BANK OF IRVING, Appellant,**

v.

**H.C. SHOCKLEY, Appellee.**

**No. 13–83–218–CV.**

Court of Appeals of Texas, Corpus Christi.

Dec. 29, 1983.

P. Michael Jung, David N. Kitner, Dallas, for appellant.

Steven H.L. Honett, Bonney, Wade & Stripling, Dallas, for appellee.

Before UTTER, BISSETT and GONZA-LEZ, JJ.

## OPINION

UTTER, Justice.

This case is before us on writ of error from a default judgment rendered in favor of appellee, H.C. Shockley, and against appellant, First National Bank of Irving (the "bank"), under the Texas Deceptive Trade Practices-Consumer Protection Act (DTPA), TEX.BUS. & COM.CODE ANN. § 17.41 et seq.

Since 1965, appellee, who operates a masonry business in Irving, Texas, has been a checking account customer of the bank. Appellee and his son, H.C. Shockley, Jr., were the only persons authorized to sign checks on that account. Between September, 1980, and April, 1981, one Gerald Lewis drew some eighty-nine checks payable to himself on appellee's account forging the signature of appellee or his son to each of the checks. The checks were either cashed or deposited by Lewis and were charged by the bank to appellee's account.

By demand letter of September 23, 1981, appellee gave notice to the bank pursuant to TEX.BUS. & COM.CODE ANN. § 17.-50A (Vernon 1979) of his claim for $16,-280.00 in actual damages, which figure was expressly stated not to include any attorney's fees or "any interest or damages due to lack of use and availability of those funds." On March 4, 1982, appellee filed suit against the bank under theories of negligence, breach of provisions of Article 4 of the Uniform Commercial Code ("UCC") and violation of the DTPA. The petition sought $15,985.00 in actual damages with trebling under the DTPA, pre-judgment and post-judgment interest and $12,500.00 in attorney's fees. Although citation was served on the bank, the bank never filed an answer. On April 23, 1982, after hearing evidence as to the amount of damages, the trial court entered a default judgment against the bank for $15,985.00 in actual damages, $1,440.00 in pre-judgment interest, $31,970.00 "as trebling of damages under the Deceptive Trade Practices Act," and $6,000.00 in attorney's fees, plus costs and post-judgment interest.

On appeal, no attack is made in the present proceeding on the award of actual damages under appellee's negligence and UCC theories. Appellant-bank only attacks those elements of damage allegedly recoverable and awarded under the DTPA.

In its nine points of error, appellant-bank alleges the following respective contentions: (1) that the petition shows that appellee is not a "consumer" under §§ 17.45(4) and 17.50 of the DTPA; (2) that the conduct alleged in the petition does not constitute a violation of the DTPA as a matter of law; (3) that appellee's demand letter did not state his specific complaint as required by § 17.50A of the DTPA; (4) that, since the demand letter expressly excluded actual damages for interest, the trial court erred in awarding interest as actual damages in

excess of the amount of damages demanded by appellee in the demand letter; (5) that the trial court improperly awarded attorney's fees for services rendered prior to September 23, 1981, because appellee in his demand letter did not demand such fees as required by § 17.50A of the DTPA; (6) that the trial court improperly awarded "additional damages" in excess of $2,000.00 under § 17.50(b)(1) of the DTPA because the petition did not allege that the alleged deceptive acts or practices were committed knowingly; (7) that the trial court improperly awarded "additional damages" in excess of $2,000.00 under the § 17.50(b)(1) of DTPA because there was no evidence presented that the alleged deceptive acts or practices were committed knowingly; (8) that the trial court improperly erred in awarding attorney's fees because there was no evidence of any reasonable and necessary attorney's fees; and, (9) that the trial court's award of $6,000.00 in attorney's fees was excessive as a matter of law.

■ In its briefs, appellant raises legal questions which, for the most part, we cannot consider in reviewing a default judgment case on writ of error. In reviewing a default judgment on writ of error where all of the other procedural prerequisites for entering such a default judgment have been met, we must only be concerned with reviewing (1) the sufficiency of the pleadings to allege a cause of action for (a) which liability may rest and (b) on which damages may be assessed, if a liquidated claim, and (2) the sufficiency of damage evidence presented, if an unliquidated claim, to support the default judgment rendered by the trial court.

■ In determining the sufficiency of a pleading to support a judgment by default, the averments of the pleadings are to be taken as proven or confessed; and, if the pleadings do not inform the court what judgment to render, that is, if it does not, with sufficient certainty, set forth the cause of action as to the name of parties, dates, amounts, etc., to enable the court to render judgment without information aliunde, it is not sufficient, and the judgment cannot be sustained. *C & H Transportation Co., Inc. v. Wright,* 396 S.W.2d 443 (Tex. Civ.App.—Tyler 1965, writ ref'd n.r.e.). It is unnecessary for a plaintiff to allege the evidence upon which he relies to establish his asserted cause of action; it is not requisite that a petition be technically sufficient to state a cause of action in order to sustain a default judgment if it does not show affirmatively that the plaintiff had no cause of action. *Edwards Feed Mill v. Johnson,* 158 Tex. 313, 311 S.W.2d 232 (1958). The present Rules of the Texas Civil Procedure expressly countenance more general allegations than formerly were permitted, and a default judgment will stand if the plaintiff has alleged a claim upon which the substantive law will give relief and has done so with sufficient particularity to give fair notice to the defendant of the basis of his complaint, even though he has stated some element or elements in the form of legal conclusions which will need to be revised if attacked by special exceptions. *Sheshunoff and Co., Inc. v. Scholl,* 560 S.W.2d 113 (Tex.Civ.App.—Houston [1st Dist.] 1977, reversed on other grounds 564 S.W.2d 697 (Tex.1978)).

■ If the plaintiff's claim is liquidated and proved by an instrument in writing, damages pursuant to a default judgment will be assessed by the court. TEX.R. CIV.P. 241; *Wallace v. Snyder National Bank,* 527 S.W.2d 485 (Tex.Civ.App.—Eastland 1975, writ ref'd n.r.e.). A liquidated claim is one that "can be accurately calculated by the court, or under its direction, from the allegations contained in plaintiff's petition in the instrument in writing." *Freeman v. Leasing Associates, Inc.,* 503 S.W.2d 406 (Tex.Civ.App.—Houston [14th Dist.] 1973, no writ). Suit on a check is an example of a claim which has been held to be liquidated. *Farley v. Clark Equipment Co.,* 484 S.W.2d 142 (Tex.Civ.App.—Amarillo 1972, writ ref'd n.r.e.). If the instrument in writing is attached to the plaintiff's petition and if the amount of damages can be calculated from the allegation in the petition, judgment should be entered for that amount against the defaulting defendant.

When damages are liquidated, the rules of the procedure contemplate that the plaintiff be awarded the damages without the necessity of a hearing or the presentation of evidence. *See Burrows v. Bowden,* 564 S.W.2d 474 (Tex.Civ.App.—Corpus Christi 1978, no writ); Pohl and Hittner, *Judgments by Default in Texas,* 37 S.W.L.J. 422 (June 1983). A default judgment, however, does not establish allegations pertaining to unliquidated damages. *Freeman v. Leasing Associates, Inc.* at p. 408; *Maywald Trailer Co. v. Perry,* 238 S.W.2d 826 (Tex.Civ.App. —Galveston 1951, writ ref'd n.r.e.). Unliquidated claims include damages for personal injuries, lost profits, consequential damages, exemplary damages, and reasonable attorney's fees. Pohl and Hittner, Judgments by Default in Texas at p. 437. The plaintiff must present evidence of unliquidated damages, and this evidence must be both competent and consistent with the cause of action plead. TEX.R.CIV.P. 243; *Johnson v. Gisondi,* 627 S.W.2d 448 (Tex. App.—Houston [1st Dist.] 1981, no writ); *Schoenberg v. Forrest,* 253 S.W.2d 331 (Tex. Civ.App.—San Antonio 1952, no writ).

■ We hold that the appellee-plaintiff's suit for actual damages and for mandatory treble damages (i.e. two times that portion of the actual damages that does not exceed $1,000.00) under the DTPA on the checks in the instant case was a suit for a liquidated claim, and the plaintiff was entitled to be awarded the damages without the necessity of a hearing of the presentation of evidence provided that plaintiff's petition be sufficient to state a cause of action in order to sustain the default judgment. *See Edwards Feed Mill,* 311 S.W.2d at pp. 233–234; *Griswold v. Carlson,* 151 Tex. 246, 249 S.W.2d 58 (1952); *W.E. Grace Manufacturing Co. v. Green,* 417 S.W.2d 71 (Tex.Civ. App.—Dallas 1967, reversed on other grounds 422 S.W.2d 723 (Tex.1968)); *C & H Transportation Co., Inc. v. Wright* at p. 446. We further hold that the appellee-plaintiff's claim for "additional damages" in excess of $2,000.00 under § 17.50(b)(1) of the DTPA and for reasonable attorney's fees was an unliquidated claim for which plaintiff had to present damage evidence.

With respect to appellee-plaintiff's DTPA cause of action, plaintiff's petition, in pertinent part, sets forth the following:

On Sept. 23, 1981, H.C. Shockley, through his counsel *wrote a demand letter* asking for restitution of the $15,985.00 and indicating *no interest was demanded* for the loss of use of the funds from H.C. Shockley's account no. 17–0130–9, *nor was (sic) attorney's fees demanded, nor were other damages sought.* (Exhibit 90).

### X.

The above and foregoing conduct by Defendant Bank, its agents, and employees was unlawful, *unconscienable* (sic) and *constituted a failure by the Defendant Bank to comply with its implied warranties,* as provided by Article 4, Bank Deposits and Collections of the TEX.BUS. & COM.CODE as well as Subchapter E, Chapter 17, TEX.BUS. & COM.CODE, more commonly known as the "Deceptive Trade Practices-Consumer Protection Act." In support of the same, Plaintiff would show that the Bank *contracted and received consideration for providing services* to H.C. Shockley, to-wit: the regular, routine process of honoring unaltered and unforged checks signed only by H.C. Shockley or his son H.C. Shockley, Jr. As such, *implied warranties arose* that Defendant Bank would not honor any checks drawn on the account of H.C. Shockley if such check had not been signed by him as Drawer or had any unauthorized, forged signature or other material alteration that Defendant Bank would process the check of H.C. Shockley in accordance with the reasonable commercial standards of the Defendant's business.

### TO THE COURT ONLY

Pursuant to Section 17.50 of the Deceptive Trade Practices-Consumer Protection Act as it existed April of 1981 until the date of the filing of this petition, Plaintiff is *a consumer* and is entitled as a matter of law to recover from the De-

fendant Bank three times the amount of actual damages sustained herein, together with interest thereon at the highest rate permitted by law from the date of each check made the basis of the suit was honored by Defendant.

### XI.

The Plaintiff has retained the undersigned attorneys to pursue the causes of action alleged herein. Plaintiff alleges that, pursuant to Section 17.50 of the Deceptive Trade Practices-Consumer Protection Act, he is entitled to recover attorneys; (sic) fees that are reasonable in relation to the amount of work expended by his attorneys, which are as follows:
$12,500.00 for preparation of trial of this cause. * * *

WHEREFORE PREMISES, CONSIDERED, Plaintiff prays that Defendant Bank be cited to appear and answer herein that upon the final trial hereof, Plaintiff have and recover against Defendant Bank damages as claimed as well as pre-judgment and post-judgment interest on said amounts at the legal rate, his reasonable attorney's fees, as herein set forth, and his costs of court, (sic) In other words, Plaintiff prays judgment of and from Defendant Bank in the amount of at least $64,770.95 such other and further relief as Plaintiff may show themselves justly entitled at law or equity. (emphasis supplied)

Regarding appellant's first contention, we note that the petition alleges that appellee is a "consumer" for purposes of the DTPA. Regarding appellant's second contention, we note that the petition alleged that appellant-bank's conduct constituted unconscionable action as well as a breach of the appellant-bank's implied warranties under Article 4 of the UCC and under the DTPA. Regarding appellant's third contention, we note that the petition alleged that "on September 23, 1981, H.C. Shockley wrote a demand letter asking for restitution of the $15,985.00 and indicating no interest was demanded for loss of use of the funds from H.C. Shockley's account no.

17–0130–9, nor was attorney's fees demanded, nor were other damages sought." Having been alleged in plaintiff's petition, these alleged elements of the DTPA cause of action sufficiently stated his cause of action. In determining the sufficiency of a pleading to support default judgment, the averments of the pleadings are to be taken as proven or confessed. The default judgment will stand since the DTPA cause of action was sufficiently stated. *Sheshunoff and Co., Inc. v. Scholl* at p. 116; *C & H Transportation Co. Inc. v. Wright* at p. 446. Appellant's first through third points of error are overruled.

With respect to his fourth, fifth, eighth and ninth contentions, appellant argues that, since appellee's demand letter expressly excluded interest as actual damages and attorney's fees (as alleged in plaintiff's petition), appellee's recovery must be limited to the amount of actual damages allegedly asserted in the letter, to wit: $15,985.00 (as alleged in the petition). TEX.BUS. & COM.CODE ANN. § 17.50A (Vernon Supp.1982–1983) provides:

As a prerequisite to filing a suit seeking damages under subdivision (1) of subsection (b) of Section 17.50 of the the subchapter against any person, a consumer shall give written notice to the person at least 30 days before filing of suit advising the person of the consumer's specific complaint in the amount of actual damages and expenses, including attorney's fees, if any, reasonably incurred by the consumer in asserting the claim against the defendant.

Because the petition alleges and the trial court's default judgment is based upon cause of actions under Article 4 of the UCC as well as under the DTPA, the judgment for pre-judgment and post-judgment interest is correct. That part of the judgment finds its basis in the article 4 of the UCC cause of action, if not in the DTPA cause of action, under TEX.REV.CIV.STAT.ANN. articles 5069–1.03 and 5069–1.05 (Vernon Supp.1982). With respect to attorney's fees, regardless of the sufficiency of the demand to support an award of attorney's

fees, the reasonableness of attorney's fees, in absence of a contract therefor, is a question of fact and is an unliquidated demand for which the trial court entering default judgment should have heard evidence. *Smith v. Texas Discount Co.,* 408 S.W.2d 804 (Tex.Civ.App.—Austin 1966, no writ). There is absolutely no evidence in the record to show the amount of any attorney's fees paid or incurred by appellee or the reasonableness or necessity of any such fees. Appellant's eighth point of error is sustained; and, consequently, we need not consider appellant's fifth and ninth points of error.

 Regarding appellant's sixth and seventh contentions, we note that plaintiff's petition did not allege that any of the alleged misconduct by the bank was committed *knowingly.* TEX.BUS. & COM.CODE ANN. § 17.50(b)(1) (Vernon Supp.1982–1983) provides that each consumer who prevails in an suit under the DTPA may obtain:

> The amount of actual damages found by the trier of fact. In addition, the court shall award two times that portion of the actual damages that does not exceed $1,000.00. If the trier of fact finds that the conduct of the defendant was committed *knowingly,* the trier of fact may award not more than three times the actual damages in excess of $1,000.00; (emphasis supplied)

Since plaintiff's petition did not allege that the alleged misconduct by the bank was committed knowingly, the trial court could not and our Court cannot deem such an allegation as proven or confessed. See *C & H Transportation Co., Inc. v. Wright* at p. 446. The "trebling of damages under the Deceptive Trade Practices Act" should have been limited to $2,000.00 (or two times that portion of the actual damages that does not exceed $1,000.00) since plaintiff's petition did not allege that any of the alleged misconduct of the bank was committed *knowingly.* The petition did not state a cause of action for these "additional damages" against appellant bank; therefore, the default judgment for these "additional damages" cannot stand. *See Fairdale Limited*

*v. Sellers,* 651 S.W.2d 725 (Tex.1982). Appellant's sixth point of error is sustained. Appellant's seventh contention need not be addressed.

The trial court erred in entering an affirmative judgment in favor of appellee for attorney's fees and for "additional damages" in excess of $2,000.00 under § 17.-50(b)(1) of the DTPA, that part of the judgment awarding attorney's fees is REVERSED AND REMANDED for a determination of the reasonable amount of attorney's fees to be awarded and that part of the judgment granting "additional damages" is REVERSED AND RENDERED that appellee-plaintiff take nothing. TEX. R.CIV.P. 434. The remainder of the judgment is AFFIRMED.