**SUNRIZON HOMES, INC. Appellant,**

v.

**Joseph and Melinda FULLER, Appellees.**

**No. 04–87–00167–CV.**

Court of Appeals of Texas, San Antonio.

March 23, 1988.

---

**532**

James D. Barrow, Mark J. Cannan, San Antonio, for appellant.

David M. Adkisson, San Antonio, for appellees.

## ON APPELLANT'S MOTION FOR REHEARING

Before BUTTS, CANTU, and REEVES, JJ.

BUTTS, Justice.

Our previous opinion is withdrawn.

This is an appeal of a default judgment against Sunrizon Homes in the amount of $82,000.00 on a DTPA claim. TEX.BUS. & COM.CODE ANN. § 17.41 *et seq.* Appellees purchased a mobile home manufactured by Sunrizon Homes from the dealer, Regency Homes, in May 1985. Numerous problems concerning the mobile home were reported to Regency and some attempts were made at repairs but these were ineffective. A notice letter was sent to Sunrizon Homes on November 4, 1985. Suit was filed in October 1986 and appellant was served with process on November 5, 1986. On the 26th of November, 1986, appellees' attorney of record sent a letter to appellant as a reminder that an answer was to be filed with the court. Appellant acknowledged having received the letter on the 1st of December. Default judgment was entered on December 19, 1986. Motion for new trial was denied on January 15, 1987.

Appellant raises three points of error: first, that it was error for the trial court to deny a motion to set aside the default and order a new trial. Second, that it was error to assess damages on an unliquidated claim without hearing evidence. Third, that the trial court erred in assessing additional damages under the DTPA without evidence or with insufficient evidence.

■ It is well established that a defaulting defendant has the burden of proof on the following three requirements which must be fulfilled before a trial court will grant a motion for new trial: (1) that the defendant's failure to answer was not intentional or the result of conscious indifference, but was due to a mistake or accident; (2) provided that the defendant sets up a meritorious defense; and, (3) that the motion for new trial is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff. *Craddock v. Sunshine Buslines, Inc.*, 134 Tex. 388, 393, 133 S.W.2d 124, 126 (1939). Conscious indifference means the failure to take some action which would seem indicated to a person of reasonable sensibilities under the same or similar circumstances. *Johnson v. Edmonds*, 712 S.W.2d 651, 652 (Tex.App.—Fort Worth 1986, no writ). To determine whether there was intentional disregard or conscious indifference on the part of the defendant in failing to answer, the court must look to the knowledge and acts of the defendant. *Strackbein v. Prewitt*, 671 S.W.2d 37, 39 (Tex.1984); *Royal Zenith Corporation v. Martinez*, 695 S.W.2d 327, 329 (Tex.App.—Waco 1985, no writ).

■ The evidence shows that appellant was duly served with plaintiffs' original petition on the 5th day of November, 1986, creating an answer date of December 1, 1986. On the 20th day of November, 1986, ten days before the required answer date, appellant's service manager contacted appellees' attorney of record in an attempt to mediate a resolution of the disputed issues. On the 26th day of November, 1986, appellees' attorney forwarded a letter reminding appellant that an answer must be filed with the court within the prescribed time as set out in the service of citation. Appellant's general manager acknowledged receipt of the reminder letter on the 1st of December, 1986. Default judgment was claimed by appellees on December 19, 1986. At that time appellant had still not filed an answer in the suit. Testimony further that appellant's service manager was negotiating on the suit until November 30, and that appellant's general manager had some knowledge of the requirements to answer a lawsuit, having been involved in ten to fifteen lawsuits in the past.

Appellant offers as an excuse for not answering the lawsuit that the general manager was "too busy." Considering that appellant had three notices of the need to respond to the suit (citation, discussions with appellee's attorney on November 20th, and the reminder letter received on December 1), we cannot say that the failure of appellant to answer was not intentional.

In this case, appellees controverted appellant's allegation negating intentional or consciously indifferent conduct. Therefore, the trial court was required to look to the knowledge and acts of the defendant to determine whether his conduct was a result of conscious indifference or intentional disregard. *See Strackbein, supra* at 39. The trial court having made its determination, an appellate court will not reverse the decision unless there has been a showing of an abuse of discretion. *Strackbein, supra* at 38. No abuse of discretion by the trial court has been shown. Appellant's first point of error is overruled.

■ Next appellant complains that the trial court erred in entering a default judgment assessing damages on unliquidated demands without hearing evidence as to those damages. When a default judgment is taken, the defendant's failure to appear or answer is taken as an admission of the allegations of the plaintiff's petition and no evidence is required to support the judgment. However, when damages are unliquidated or not proved by an instrument in writing, plaintiff is required to prove his case by presenting evidence to the court despite the defendant's fault. TEX.R. CIV.P. 243 provides: "If the cause of action is unliquidated or be not proved by an instrument in writing, the court shall hear evidence as to damages...." *Morgan v. Compugraphic Corp.*, 675 S.W.2d 729, 731 (Tex.1984).

■ On the 19th of December, 1986, the same day the judgment in this case was signed, a hearing was held in which plaintiff presented evidence on unliquidated damages. Appellant's complaint that no evidence was heard on unliquidated damages prior to entry of the judgment is based on two remarks made by the attorney for the plaintiffs:

> For the record my name is David Adkisson, representing plaintiffs Joseph and Melinda Fuller. With us today is plaintiff Joseph Fuller. The date is December 19, 1986. *Default judgment has been entered* by Judge Raul Rivera in the total amount of $82,015.00 plus costs of court and interest at the rate of 10 percent from date of entry of judgment until paid. I'm going to ask Mr. Fuller a few questions regarding his cause of action against the defaulting defendant Sunrizon Homes, Inc. (Emphasis added).

Appellant next refers to a remark made by Adkisson during his examination of Fuller that "as we understand, default judgment has been entered." The first remark by Adkisson might be taken as a statement of fact but the second remark appears to make clear that the statement merely expresses his understanding that default judgment had been entered. In any case, remarks by attorneys during the course of trial do not constitute evidence unless the attorney is actually giving testimony.

■ Judgment in this case was signed on December 19, 1986. In its default judgment the court clearly states that: "... the cause of action is unliquidated and, upon good and sufficient evidence presented to the court, finds that defendant, Sunrizon Homes, Inc., is indebted to the plaintiffs in the sum of: ...." We find this clearly shows that evidence was presented by Fuller during the hearing on unliquidated damages, and the judgment is supported by the evidence.

Appellant failed to raise this point in his initial motion for new trial. It is that hearing which is in our record. The issue was raised in appellant's renewed motion for new trial and/or motion to reform judgment which was heard on January 27, 1987. The order overruling appellant's renewed motion for new trial states:

> the court, after considering said motion, the evidence presented, including the statement of facts containing the testimony and documentary evidence presented by the witness, Joseph Fuller, on the

19th day of December, 1986, and arguments of counsel, is of the opinion that said motion should be, in all respects, overruled.

This court does not have a statement of facts for the hearing on the renewed motion for new trial. The record does not reflect specifically what evidence was presented to the court below. A motion for new trial is addressed to the trial court's discretion and the court's ruling will not be disturbed on appeal in the absence of a showing of an abuse of that discretion. *Strackbein v. Prewitt*, 671 S.W.2d 37, 38 (Tex.1984). No abuse of discretion has been shown. The second point of error is overruled.

Finally, appellant complains that the trial court erred in entering a default judgment assessing additional damages under the DTPA without evidence, or, with insufficient evidence to support such an award. Appellant argues that the additional damages are an unliquidated claim for which plaintiffs are required to present evidence, citing *First National Bank of Irving v. Shockley*, 663 S.W.2d 685, 689 (Tex.App.—Corpus Christi 1983, no writ). Appellant argues that the amount of additional damages can only be predicated upon evidence of *knowing* conduct and that there is no such evidence in the record.

 It is established that a default judgment operates as an admission of the material facts alleged in plaintiffs' petition except as to unliquidated damages. *Village Square, Ltd. v. Barton*, 660 S.W.2d 556, 559 (Tex.App.—San Antonio 1983, writ ref'd n.r.e.) (citations omitted). Plaintiffs' original petition alleges:

> In that the conduct of the agents, servants and/or employees of the Defendants set forth was committed "knowingly" as that term is defined in Section 17.45(9) of the Act, Plaintiffs are entitled, in the discretion of the jury to an amount not to exceed three times that portion of Plaintiffs' actual damages in excess of $1,000.00 for which Plaintiffs seek recovery herein.

By failing to answer the lawsuit, appellant admitted the allegations of the petition which included plaintiffs' allegation of knowing conduct. The court's reasoning for not affirming the award of treble damages in *Shockley* was that the plaintiff had not alleged in its pleadings that the misconduct was in fact committed knowingly and therefore the court could not deem such an allegation as proven or confessed. *Shockley* at 691. Therefore, in *Shockley* the petition did not state a cause of action for additional damages as required to give notice to the defendant.

 We agree with appellant that to sustain an award of additional damages in this default judgment, appellees must both plead knowing conduct and present evidence that the extent of appellant's knowledge warrants additional damages. *See Fleming Mfg. Co., Inc. v. Capitol Brick, Inc.*, 734 S.W.2d 405 (Tex.App.—Austin 1987, writ ref'd n.r.e.). Punitive damages are not regarded as admitted by the default.

 Fuller testified that he made Sunrizon Homes aware of the defects in his mobile home. In addition, there was in evidence a letter he wrote listing defects in the mobile home. There was a detailed list of the numerous contacts made between appellees, the sales agency and the appellant. There was evidence that a list of defects was given to Regency Mobile Homes on May 27, 1985. A written catalogue of events described three personal contacts in July and August, 1985 with appellant's factory representatives regarding necessary repairs to the mobile home. The evidence reflected four additional contacts with factory representatives in September, November, and December 1985, including two inspections and some repair work. Finally, the DTPA notice letter sent by appellees was received by appellant on November 8, 1985.

If the prevailing plaintiff under the DTPA, § 17.50(b)(1) can demonstrate that the defendant was aware of his conduct constituting [the breach of warranty or cause of action], the trier of fact may award in its discretion not more than three times the amount of actual damages in excess of $1,000.00. *Fleming Mfg., Inc. v.*

*Capitol Brick, Inc., supra* at 409, citing *Jim Walter Homes, Inc. v. Valencia,* 690 S.W.2d 239 (Tex.1985). The plaintiff must show that the extent of the defendant's knowledge warrants imposing additional damages under § 17.50(b)(1). In this case actual damages in the sum of $26,005.00 were proved. The court also awarded statutory punitive damages in the sum of $51,010.00 and attorney fees of $5,000.00.

We hold there was sufficient evidence of knowledge by Sunrizon Homes to warrant imposing additional damages. The point of error is overruled.

The motion for rehearing is denied. The judgment is affirmed.