COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



SCENIC MOUNTAIN MEDICAL
CENTER, A/K/A BIG SPRING
HOSPITAL CORPORATION,

                            Appellant,

v.

MELISSA CASTILLO, INDIVIDUALLY
AND AS NEXT FRIEND FOR
MATTHEW CASTILLO, A MINOR
CHILD,

                            Appellee.

§

§

§

§

§

§


No. 08-03-00380-CV

Appeal from the

County Court at Law No. 2

of Ector County, Texas

(TC# CC2-16,460)




O P I N I O N

            This is an appeal from the granting of a default judgment against Appellant, Scenic Mountain
Medical Center, a/k/a Big Spring Hospital Corporation. For the reasons stated, we affirm the
judgment of the trial court.
I. PROCEDURAL HISTORY
            In her original petition filed April 11, 2003, Appellee herein, filed suit against Eddie Michael
Hughes and Brandon Hughes, alleging a right to recover for personal injuries to the minor Plaintiff
incurred as a result an automobile accident. In that petition, Appellee named Scenic Mountain
Medical Center, a/k/a Big Spring Hospital Corporation as a party claiming an interest in the matter
made the subject of the original petition. Service upon the interested party was perfected by service
on its registered agent by certified mail on April 24, 2003 with a proper return of service filed on
May 1, 2003. The answer was due on May 19, 2003 and a default judgment was filed on May 20,
2003. The cause involving Appellants was severed on May 20, 2003. The Appellants filed a motion
for new trial on June 19, 2003 and a hearing on the Appellant’s motion for new trial was held on
August 7, 2003. An order denying Scenic Mountain Medical Center, a/k/a Big Spring Hospital
Corporation’s motion for new trial was filed on August 12, 2003. This appeal was timely filed on
August 18, 2003.
II. DISCUSSION
            In its sole complaint, Scenic Mountain Medical Center, a/k/a Big Spring Hospital
Corporation asserts that the trial court abused its discretion in denying Appellant’s motion for new
trial after entry of a default judgment against Appellant.
A. Standard of Review-Abuse of Discretion
            A motion for new trial is addressed to the trial court’s discretion and the court’s ruling will
not be disturbed on appeal in the absence of a showing of an abuse of discretion. Cliff v. Huggins,
724 S.W.2d 778, 779 (Tex. 1987); Strackbein v. Prewitt, 671 S.W.2d 37, 38 (Tex. 1984).
            In Craddock v. Sunshine Bus Lines, Inc., 134 Tex. 388, 133 S.W. 2d 124, 126 (1939), the
Supreme Court established the guiding rule or principal which trial courts must follow when
presented with a motion for new trial after a default judgment has been entered. A default judgment
should be set aside and a new trial ordered in any case in which the failure of the defendant to answer
before judgment was not intentional, or the result of conscious indifference on his part, but was due
to a mistake or an accident; provided the motion for a new trial sets up a meritorious defense and is
filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the
plaintiff. Cliff, 724 S.W.2d at 779; Craddock, 133 S.W.2d at 126. A trial court abuses its discretion
by not granting a new trial when all three elements of the Craddock test are met. Director, State
Employees Workers’ Compensation Div. v. Evans, 889 S.W.2d 266, 268 (Tex. 1994).
B. Summary of the Evidence
            In determining whether the failure to answer was due to intentional conduct or conscious
indifference, we must look to the knowledge and acts of the defendant as shown by all the evidence
contained in the record before the court. Evans, 889 S.W.2d at 269; Strackbein, 671 S.W.2d at 38-
39. If the factual assertions in the defendant’s affidavits are not controverted by the plaintiff, the
defendant satisfies his burden if his affidavit sets forth facts that, if true, negate intentional or
consciously indifferent conduct by the defendant. Strackbein, 671 S.W.2d at 38-39. However,
conclusory allegations are insufficient. Holt Atherton Industries, Inc. v. Heine, 835 S.W.2d 80, 82
(Tex. 1992); Folsom Investments, Inc. v. Troutz, 632 S.W.2d 872, 875 (Tex.App.--Ft. Worth 1982,
writ ref’d n.r.e.). To determine if the defendant’s factual assertions are controverted, the court looks
to all the evidence in the record. Evans, 889 S.W.2d at 269. The defaulting defendant has the
burden of proving all three elements of the Craddock test are met before a trial court is required to
grant a motion for new trial. Sunrizon Homes v. Fuller, 747 S.W.2d 530 (Tex.App.--San Antonio
1988, writ denied). In contravention of the Defendant’s case, the nonmovant may present evidence
tending to show intentional or consciously indifferent conduct creating a question for the trial court
to determine. See, Young v. Kirsch, 814 S.W.2d 77, 80-81 (Tex.App.--San Antonio 1991, no pet.). 
Jackson v. Mares, 802 S.W.2d 48, 50 (Tex.App.--Corpus Christi 1990, writ denied). The defaulting
defendant bears the burden of setting forth facts that prove all three elements of the Craddock test
are met. Sunrizon Homes, Inc., 747 S.W.2d at 532.
            In this case, Appellant’s affirmative allegations as stated in the affidavit of Jennifer L. Prater,
attached to its motion for new trial are controverted by her testimony elicited during the hearing. 
Ms. Prater’s conclusory statement that “Scenic Mountain was mistaken in [its] belief and its failure
to file an answer was not intentional or the result of conscious indifference, but was a mistake or
accident” is not sufficient to establish a showing that Scenic Mountain’s failure meets the threshold
test of Craddock. Ms. Prater’s testimony established that she, in fact, did not know the reason for
the failure to file an answer by Corporate Office. Ms. Prater was not aware of the fact that the
lawsuit had not been answered until late June 2003. Further, she testified that she had no knowledge
about whether the failure to answer was the result of conscious indifference or an accident or mistake
on the part of either the registered agent who had been served with the lawsuit or the corporate
office. The appropriate witnesses, either the registered agent, or a corporate office representative
with personal knowledge of the facts and circumstances surrounding the failure to answer, did not
appear in person or by affidavit.
            The trial court was well within its discretion in determining that the evidence presented by
Scenic Mountain was not sufficient to meet the first prong of the Craddock test. Ms. Prater’s
testimony does not establish that Scenic Mountain’s conduct was not intentional or consciously
indifferent or due to a mistake or accident. Because Scenic Mountain did not satisfy the first element
of the Craddock test, we do not need to determine whether the defense alleged by Scenic Mountain
was meritorious or whether the granting of the motion will cause delay or injury to the plaintiff. 
Appellants sole issue on review is overruled.
            Having overruled Appellant’s sole issue on review, we affirm the judgment of the trial court.


January 27, 2005                                                                                                                                      RICHARD BARAJAS, Chief Justice

Before Panel No. 2
Barajas, C.J., McClure and Chew, JJ.