

# COURT OF APPEALS

**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

### NO. 02-13-00278-CV

HEST TECHNOLOGIES, INC., TRIP                          APPELLANTS
WIRE ENTERTAINMENT, LLC, AND
CHRIS CANARD

V.

PC CONNECTION SALES CORP.                             APPELLEE

----------

## FROM THE 67TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellants attempt to appeal from the trial court's denial of their motion for new trial after a default judgment was entered in favor of Appellee. We dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f).

---

[1]*See* Tex. R. App. P. 47.4.

# I. BACKGROUND

## A. FACTUAL BACKGROUND

Appellant Hest Technologies, Inc. developed and sold marketing software, specifically "[s]weepstakes software utilized by for-profit/nonprofit companies and entities to promote the sale of their products." Appellant Chris Canard was the president and sole shareholder of Hest. Appellant Trip Wire Entertainment, LLC was a "management entity" that "manage[d] transactions engaged in between Hest and its customers." Canard was the "manager" of Trip Wire. Although Trip Wire and Hest were separate entities, they shared the same business address. Trip Wire, however, had no employees.

In early 2012, Canard signed a credit application with Appellee PC Connection Sales Corp. in order to buy over $100,000 worth of computer hardware. Canard signed the credit application on behalf of Hest as its "owner." PC Connection sent the subsequent bills to Hest but shipped the equipment to Trip Wire. Apparently, Trip Wire "acted as a reseller of the hardware to downstream customers" for Hest. Ultimately, however, Hest failed to pay PC Connection for the computer hardware, and PC Connection sent Hest a demand letter in July 2012. Hest entered into a payment plan with PC Connection under which Hest agreed to pay PC Connection at least $10,000 per week until the full amount had been paid.[2]

---

[2]At the time PC Connection and Hest entered into the payment plan, PC Connection stated that Hest's outstanding balance was $187,914.24. However,

2

## B. PROCEDURAL BACKGROUND

After Hest allegedly failed to comply with the payment plan, PC Connection filed a verified petition against Hest, Trip Wire, and Canard (collectively, Appellants) on March 14, 2013, raising claims for fraud, fraudulent inducement, quantum meruit, unjust enrichment, and promissory estoppel. Against Hest, PC Connection also brought a suit on account and a claim for breach of contract. PC Connection alleged that Canard was jointly and severally liable with Hest for breach of contract, fraud, quantum meruit, unjust enrichment, and promissory estoppel based on the doctrine of alter ego. PC Connection concedes that it did not allege that Canard was jointly and severally liable with Hest for the liquidated damages alleged through its suit on account.[3]

---

the invoices attached to PC Connection's verified petition show that PC Connection billed for computer hardware totaling $131,953.72.

[3]PC Connection asserts, however, that its petition, taken as a whole, put Canard on notice that it sought to hold him liable under the doctrine of alter ego for suit on account. We disagree. By specifically delineating the "causes of action" brought against Hest that it sought to hold Canard liable through alter ego, PC Connection could not have been more clear that it would not seek to hold Canard liable for suit on account, which it labeled a "cause of action." Although we agree that suit on account is a procedural device setting forth the evidence necessary to establish a prima facie right of recovery and is not an independent claim, PC Connection pleaded it as such and, thus, gave Canard notice that he would not be held to answer for the liquidated damages pleaded through the suit on account. *Cf. Tandan v. Affordable Power, L.P.*, 377 S.W.3d 889, 894–95 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (explaining when plaintiff's verified evidence does not identify the defendant as the debtor on the account, plaintiff fails to establish prima facie proof of the liquidated debt under rule 185). *See generally Smith v. CDI Rental Equip., Ltd.*, 310 S.W.3d 559, 566–67 (Tex. App.—Tyler 2010, no pet.) (discussing evidentiary purpose of rule 185).

PC Connection labeled its "suit on sworn account" against Hest as a "cause of action" and pleaded damages "in the principal sum of $127,914.24." PC Connection also sought "its reasonable and necessary attorneys' fees." As required, PC Connection supported its "claim for a liquidated money demand" by attaching the affidavit of its "Manager of Credit and Collections" to its petition, showing the remaining amount owed by Hest under the purchase contract. *See* Tex. R. Civ. P. 185.

Regarding its breach-of-contract claim against Hest, PC Connection sought recovery of damages "in excess of the minimum jurisdictional limit of this court" and its attorneys' fees. Damages for PC Connection's claim for "fraud and/or fraudulent inducement" were pleaded as being "in excess of the minimum jurisdictional limits of this Court." PC Connection sought "the reasonable value of the Products provided to [Appellants]" under its quantum-meruit claim. As unjust-enrichment damages, PC Connection pleaded "for the full amount of the Products' value or worth" and further requested damages "in excess of the minimum jurisdictional limits of this Court." PC Connection pleaded "significant damages . . . which are in excess of the minimum jurisdictional limit of this Court" under its claim for promissory estoppel. PC Connection's claims for quantum meruit, unjust enrichment, and promissory estoppel were pleaded "in the alternative if necessary."

4

Appellants failed to answer PC Connection's suit, and the trial court entered a default judgment in favor of PC Connection for $127,914.24 "in liquidated damages":

> The Court therefore finds that the [Appellants] are indebted to [PC Connection] in the sum of [$127,914.24], plus prejudgment interest in the amount of [$1,051.35], including costs of court . . . . IT IS, THEREFORE, ORDERED, ADJUDGED[,] AND DECREED that [PC Connection] have and recover from [Appellants] the amount of $127,914.24 in liquidated damages, and the amount of $1,051.35 in pre-judgment interest . . . with post-judgment interest thereon at the rate of 5% interest per annum from the date of this judgment until paid[.]

*See* Tex. R. Civ. P. 239, 241. The trial court did not hear evidence regarding PC Connection's requests for attorneys' fees or for its unliquidated damages, i.e., damages "in excess of the minimum jurisdictional limit" of the trial court, "for the full amount of [the computer hardware's] value or worth," and for "the reasonable value of [the computer hardware]." *See* Tex. R. Civ. P. 243. Appellants filed a motion for new trial, which the trial court denied after a hearing. Appellants filed a notice of appeal from the denial and argued that the trial court abused its discretion by denying them a new trial.

After the appeal was fully briefed and submitted, we questioned our jurisdiction based on the claims and damages requests that apparently had not been disposed of in the default judgment. We notified the parties that we believed the default judgment was interlocutory and ordered them to brief the jurisdictional issue. *See* Tex. R. App. P. 42.3. Appellants now argue that we do

5

not have jurisdiction; PC Connection asserts that the default judgment disposed of all issues by awarding liquidated damages.

## II.  APPELLATE JURISDICTION

Unless otherwise statutorily authorized, an appeal may be made only from a final judgment.  *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 51.012, 51.014 (West Supp. 2013).  To be final, a judgment must dispose of all parties and issues in the lawsuit.  *Schlipf v. Exxon Corp.*, 644 S.W.2d 453, 454 (Tex. 1982) (op. on reh'g).  On appeal, the finality of a judgment is determined on its face by the language of the judgment.  *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 199 (Tex. 2001).  Although it is generally presumed that all pleaded issues were disposed of by a judgment rendered after a conventional trial on the merits, this presumption does not apply to default judgments, which are interlocutory in nature.  *See Houston Health Clubs, Inc. v. First Court of Appeals*, 722 S.W.2d 692, 693 (Tex. 1986) (orig. proceeding); *Teer v. Duddlesten*, 664 S.W.2d 702, 704 (Tex. 1984); *N. E. Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 897–98 (Tex. 1966).

The default judgment is entitled "**DEFAULT JUDGMENT**."  It contains no language indicating an intent to dispose of all issues and parties not otherwise addressed.  *See In re Daredia*, 317 S.W.3d 247, 248–49 (Tex. 2010) (orig. proceeding) (holding default judgment containing "Mother Hubbard" language was final judgment).  PC Connection specifically pleaded for liquidated damages solely in its suit on account brought against Hest.  The pleaded liquidated amount

6

was not the full amount PC Connection charged Hest for the computer hardware; rather, the liquidated amount pleaded for and proved by affidavit in its verified suit on account was the amount that remained due after Hest entered into a payment plan and partially paid for the computer hardware. PC Connection's alter-ego allegations did not extend Hest's liability to Canard regarding the suit on account. PC Connection's remaining damages requests were either tied to the jurisdictional limits of the trial court or to the value of the computer hardware. Further, PC Connection pleaded for attorneys' fees as damages based on breach of contract and as part of its suit on account. These damages are not liquidated, and the trial court took no evidence on them. *See* Tex. R. Civ. P. 243. Further the liquidated-damages request was only alleged as to Hest, and the damages sought against Trip Wire and Canard were unliquidated.

A case cited by PC Connection in its jurisdictional brief clearly explains the law leading us to conclude that the default judgment in favor of PC Connection is not final based on its claims for attorneys' fees and unliquidated damages:

> When a plaintiff's claim is liquidated, and proven by an instrument in writing, the plaintiff may be awarded damages without the necessity of a hearing or the presentation of evidence. *Burrows v. Bowden*, 564 S.W.2d 474, 475 (Tex. Civ. App.—Corpus Christi 1978, no writ); Tex. R. Civ. P. 241. A claim is liquidated if the amount of damages caused by the defendant can be accurately calculated from: (1) the factual, as opposed to conclusory, allegations in the petition, and (2) an instrument in writing. *Freeman v. Leasing Assocs., Inc.*, 503 S.W.2d 406, 408 (Tex. Civ. App.—Houston [14th Dist.] 1973, no writ). A default judgment does not establish allegations pertaining to unliquidated damages. *First Nat'l Bank of Irving v. Shockley*, 663 S.W.2d 685, 689 (Tex. App.—Corpus Christi 1983, no writ). If damages are unliquidated or not

7

> proved by an instrument in writing, the court must hear evidence as to damages before a default judgment may be granted. Tex. R. Civ. P. 243. Attorney's fees are by their very nature unliquidated. The reasonableness of attorney's fees, in the absence of a contract therefore, is a question of fact and is an unliquidated demand for which the trial court entering a default judgment should hear evidence. *First Nat'l Bank of Irving*, 663 S.W.2d at 691.

*Oliphant Fin., LLC v. Galaviz*, 299 S.W.3d 829, 836 (Tex. App.—Dallas 2009, no pet.). For these reasons, we conclude that all issues and damages pleaded for against each party were not disposed of by the trial court's default judgment solely awarding liquidated damages and interest. *See McNally v. Guevara*, 52 S.W.3d 195, 196 (Tex. 2001) (holding summary judgment not final because it did not refer to movant's claims for attorney's fees and contained no language indicating trial court intended it to be final). Therefore, the default judgment was interlocutory and not subject to this court's review. *See, e.g.*, *Boyce v. Mackoy*, No. 06-07-00009-CV, 2007 WL 2891065, at *1–2 (Tex. App.—Texarkana Oct. 5, 2007, no pet.) (mem. op.); *Ellison v. Clark*, No. 01-97-00612-CV, 1999 WL 82438, at *1 (Tex. App.—Houston [1st Dist.] Feb. 11, 1999, no pet.) (not designated for publication).

## III. DISPOSITION

Generally, once we determine that we lack jurisdiction over an appeal, the appropriate remedy is dismissal for want of jurisdiction. *E.g.*, *Am. Motorist Ins. Co. v. Fodge*, 63 S.W.3d 801, 805 (Tex. 2001); *Kilroy v. Kilroy*, 137 S.W.3d 780, 783 (Tex. App.—Houston [1st Dist.] 2004, no pet.); *see also* Tex. R. App. P. 42.3(a), 43.2(f). PC Connection, however, urges us to abate the appeal "to allow

8

the trial court to modify the order to make it clearly final as to all claims against all parties." Indeed, we have the discretion to allow a non-final order that was subject to a premature appeal "to be modified so as to be made final." Tex. R. App. P. 27.2. But given that the majority of PC Connection's claims and damages requests were not disposed of by the default judgment and recognizing that the trial court could decide to set those remaining issues for trial or to reconsider and grant Appellants a new trial from the default judgment, abatement is not a viable option. *See, e.g., Crystal Power Co. v. Coastal Salvadoran Power, Ltd.*, No. 14-08-00149-CV, 2009 WL 335306, at *1 (Tex. App.—Houston [14th Dist.] Feb. 12, 2009, no pet.) (mem. op.). This is especially true because there is no record indication that the trial court intended the default judgment to be final and appealable. *See Evanston Ins. Co. v. D & L Masonry of Lubbock, Inc.*, No. 07-10-00253-CV, 2010 WL 3190660, at *2 & n.1 (Tex. App.—Amarillo Aug. 12, 2010, no pet.) (mem. op.).

Appellants ask us to reverse and render a take-nothing judgment in favor of Trip Wire and Canard because liquidated damages were pleaded solely against Hest, rendering the judgment "fundamentally erroneous on [its] face." Our lack of jurisdiction gives us few options: dismiss or abate. *See McNally*, 52 S.W.3d at 196 (remanding to court of appeals to determine whether to abate appeal for entry of a final judgment under rule 27.2 or to dismiss appeal for want

of jurisdiction).  We decline to exercise our discretion to abate; therefore, dismissal is appropriate.[4]

## IV.  CONCLUSION

The default judgment did not dispose of all issues and parties raised in PC Connection's petition; thus, it was interlocutory.  Because the default judgment is not an appealable interlocutory order, we do not have jurisdiction over this appeal.  We dismiss this appeal for want of jurisdiction.


/s/ Lee Gabriel
LEE GABRIEL
JUSTICE

PANEL:  LIVINGSTON, C.J.; WALKER and GABRIEL, JJ.

DELIVERED:  April 3, 2014

---

[4]Because we have considered, but rejected, Appellants' request for a reversal, we deny as moot PC Connection's motion to strike Appellants' request.