

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-12-00428-CV

JINHUI CHEN                                                      APPELLANT

V.

JODI JOHNSON AND JOSEPH                                          APPELLEES
JOHNSON

----------

FROM COUNTY COURT AT LAW NO. 2 OF DENTON COUNTY

----------

## MEMORANDUM OPINION[1]

----------

## I. INTRODUCTION

Appellant Jinhui Chen perfected this restricted appeal after a no-answer default judgment was entered against him and in favor of Appellees Jodi Johnson and Joseph Johnson. Chen raises four issues, claiming error on the face of the record. For the reasons set forth below, we will modify the trial court judgment's

---

[1]*See* Tex. R. App. P. 47.4.

total damage award by reducing it from $8,600 to $4,600; we will recalculate the prejudgment interest award; and we will affirm the trial court's judgment as modified.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Chen owned a home located at 1501 Carriage Lane in Savannah, Texas, and the Johnsons filled out a rental application to lease the home. Their rental application was given to Angela Fowler with Region Realty, Inc.; Fowler subsequently told the Johnsons to pay the application deposit of $1,500 online, and they did so. The Johnsons' plans changed, they no longer desired to lease the home, and they sought return of the application deposit. Neither Chen nor Fowler returned the application deposit, so the Johnsons sued them.

Chen failed to file an answer. After a default hearing, the trial court entered a default judgment for the Johnsons on their claims for breach of contract, fraud, deceptive trade practices, property code violations, and attorney's fees, awarding $8,600 in damages; $380.52 in prejudgment interest; $5,000 in attorney's fees; and $561.55 in court costs.

## III. SCOPE AND STANDARD OF REVIEW

To prevail on a restricted appeal, an appellant must establish that (1) he filed a notice of appeal within six months after the trial court signed the judgment; (2) he was a party to the underlying suit; (3) he did not participate in the actual trial or hearing that resulted in the judgment and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent from the face of the record. *See* Tex. R. App. P. 26.1(c), 30; *Alexander v.*

2

*Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004); *Vespa v. Nat'l Health Ins. Co.*, 98 S.W.3d 749, 751 (Tex. App.—Fort Worth 2003, no pet.). The face of the record, for purposes of a restricted appeal, consists of all the papers on file in the appeal, including the clerk's record and the reporter's record. *Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997).

By failing to answer, a defendant admits all factual allegations in the plaintiff's petition except unliquidated damages. *Morgan v. Compugraphic Co.*, 675 S.W.2d 729, 731 (Tex. 1984); *Argyle Mech. Inc. v. Unigus Steel, Inc.*, 156 S.W.3d 685, 687 (Tex. App.—Dallas 2005, no pet.). Because a non-answering defendant admits all factual allegations in the plaintiff's petition regarding liability, a defendant's liability in a no-answer default case is conclusively established. *Morgan*, 675 S.W.2d at 731. So long as the facts set out in the petition allege a cause of action, then the default judgment conclusively establishes the defendant's liability. *Id.* As a result, an appellant is precluded from challenging the legal and factual sufficiency of the evidence supporting liability in a no-answer default judgment. *See Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 83 (Tex. 1992); *Morgan*, 675 S.W.2d at 731; *Adame v. Palisades Collection, L.L.C.*, No. 05-11-00793-CV, 2012 WL 2564717, at *3–4 (Tex. App.—Dallas July 3, 2012, no pet.) (mem. op.); *Texaco, Inc. v. Phan*, 137 S.W.3d 763, 770 (Tex. App.—Houston [1st Dist.] 2004, no pet.); *Norton v. Martinez*, 935 S.W.2d 898, 901 (Tex. App.—San Antonio 1996, no pet.).

When a no-answer default judgment is taken on an unliquidated claim, the defendant may challenge on appeal the legal and factual sufficiency of the evidence

3

supporting the unliquidated damages award. *Heine*, 835 S.W.2d at 83; *Dawson v. Briggs*, 107 S.W.3d 739, 748 (Tex. App.—Fort Worth 2003, no pet.). This is because when damages are unliquidated, the judge entering the default judgment must hear evidence on the damages. Tex. R. Civ. P. 243; *Heine*, 835 S.W.2d at 83.

When, however, a no-answer default judgment awards liquidated damages proved by an instrument in writing attached to the plaintiff's pleading, an appellant is precluded from attacking the sufficiency of the evidence supporting the liquidated damages award. *See, e.g.*, Tex. R. Civ. P. 641; *Heine*, 835 S.W.2d at 83; *Aavid Thermal Techs. of Tex. v. Irving Indep. Sch. Dist.*, 68 S.W.3d 707, 711–12 (Tex. App.—Dallas 2001, no pet.) (explaining that when damages are liquidated, in that they can be accurately determined by the trial court from the petition and the attached instruments in writing, an evidentiary hearing is not required prior to entry of a default judgment). When a default judgment is entered on a liquidated claim, "the rules of the procedure contemplate that the plaintiff be awarded the damages without the necessity of a hearing or the presentation of evidence." *Taylor v. State*, 293 S.W.3d 913, 916 (Tex. App.—Austin 2009, no pet.).

## IV. NO DOUBLE RECOVERY OF ACTUAL DAMAGES

Texas law does not permit a double recovery. *See, e.g.*, *Parkway Co. v. Woodruff*, 901 S.W.2d 434, 441 (Tex. 1995). A double recovery exists when a plaintiff obtains more than one recovery for the same injury. *Waite Hill Servs., Inc. v. World Class Metal Works, Inc.*, 959 S.W.2d 182, 184 (Tex. 1998); *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 7 (Tex. 1991).

4

In his first issue, Chen claims that the trial court erred—and that such error is apparent on the face of the record—because the judgment signed by the trial court awards the Johnsons a double or triple recovery.  Chen points out that the actual damages proved by the Johnsons constituted only the $1,500 application deposit they sought to recover but that the trial court's judgment awards separate damage amounts to them for breach of contract, fraud, deceptive trade practices, property code violations, and liability under the Texas Theft Liability Act.

On appeal, the Johnsons concede that the highest dollar recovery of damages to which they are entitled based on their pleadings is the liquidated damage amount of $1,500 for the application deposit; plus statutory penalties in the amount of $3,000; plus an additional $100 if the judgment is affirmed based on property code section 92.354.[2]  *See* Tex. Prop. Code Ann. § 92.354 (West 2007).  Thus, we sustain Chen's first issue that the judgment awards the same damages to the Johnsons under multiple pleaded causes of action, all for the same injury.  *See, e.g.*, *Waite Hill Servs., Inc.*, 959 S.W.2d at 184; *Parkway*, 901 S.W.2d at 441; *Stewart Title Guar. Co.*, 822 S.W.2d at 7.

### V.  SUFFICIENCY OF THE EVIDENCE TO SUPPORT CONTRACT AND PROPERTY CODE LIABILITY

In his third and fourth issues, Chen complains, respectively, that the evidence is insufficient to support the finding of a contract between the parties and to

---

[2]Although the Johnsons' brief is not clear on this issue, the Johnsons' counsel candidly represented to the court during oral argument that this was the highest dollar amount to which the Johnsons are entitled.

5

establish a violation of the property code. Chen asserts that these legal and factual insufficiencies constitute error on the face of the record.

Substantively, Chen cannot raise these complaints. *See, e.g.*, *Jackson v. Biotectronics, Inc.*, 937 S.W.2d 38, 41–42 (Tex. App.—Houston [14th Dist.] 1996, no writ) (op. on reh'g). The existence of a contract and breach of contract were pleaded by the Johnsons.[3] A cause of action asserting a property code violation by failure to refund the application deposit was also pleaded by the Johnsons.[4] And Chen, by not filing an answer, admitted all of the liability facts pleaded by the Johnsons concerning their causes of action for breach of contract and property code violations; Chen cannot challenge the sufficiency of the evidence to support the pleaded liability facts or contest his liability so long as the Johnsons' pleadings state a breach of contract cause of action and a cause of action for violation of the property code.[5] *See Heine*, 835 S.W.2d at 83; *Morgan*, 675 S.W.2d at 731*;*

---

[3]A copy of the Johnsons' petition is attached hereto as Appendix A to this opinion. The breach of contract claim is set forth on pages 3–4 of the Johnsons' petition.

[4]The property code violation alleged is set forth on page 3 of the Johnsons' petition and further elaborated on in Jodi's attached affidavit.

[5]To the extent Chen also attempts to challenge the sufficiency of the evidence to show that Fowler with Region Realty, Inc. was Chen's agent, Chen admitted this fact by failing to file an answer. The Johnsons' pleading states, "At all times Ms Fowler was acting as the agent of Region Realty and Jinhui Chen." And this material fact was admitted by Chen's failure to file an answer. *See U.S. Auto Ins. Servs., Inc. v. Les Marks Chevrolet*, No. 14-02-00644-CV, 2003 WL 22012670, at *2 (Tex. App.—Houston [14th Dist.] Aug. 26, 2003, no pet.) (mem. op.) (explaining that claim on appeal that plaintiff failed to plead that "Aranda was U.S. Auto's agent" was "unavailing" because the no-answer default judgment operated as an admission of

6

*Jackson*, 937 S.W.2d at 41–42; *see also, e.g.*, *Texaco, Inc.*, 137 S.W.3d at 770; *Norton*, 935 S.W.2d at 901; *Adame*, 2012 WL 2564717, at *3–4.

To the extent Chen's third and fourth issues complain about the adequacy of the Johnsons' pleadings to state a breach of contract cause of action and a cause of action for violation of the property code, we have reviewed the Johnsons' petition, and it is sufficient to support the default judgment. Although a petition that serves as the basis for a default judgment may contain defects in form or substance, the default judgment will be held erroneous only if (1) the petition does not attempt to state a cause of action that is within the jurisdiction of the court, (2) the petition does not give fair notice to the defendant of the claim asserted, or (3) the petition affirmatively discloses the invalidity of such claim. *Stoner v. Thompson*, 578 S.W.2d 679, 683 (Tex. 1979). In analyzing the sufficiency of a pleading to support a default judgment, it has been stated that

> the averments of the pleadings are to be taken as proven or confessed; and, if the pleadings do not inform the court what judgment to render, that is, if it does not, with sufficient certainty, set forth the cause of action as to the name of parties, dates, amounts, etc., to enable the court to render judgment without information aliunde, it is not sufficient, and the judgment cannot be sustained. *C & H Transportation Co., Inc. v. Wright*, 396 S.W.2d 443 (Tex. Civ. App.—Tyler 1965, writ ref'd n.r.e.). It is unnecessary for a plaintiff to allege the evidence upon which he relies to establish his asserted cause of action; it is not requisite that a petition be technically sufficient to state a cause of action in order to sustain a default judgment if it does not show affirmatively that the plaintiff had no cause of action. *Edwards Feed Mill v. Johnson*, 158 Tex. 313, 311 S.W.2d 232 (1958).

the material facts alleged in the plaintiff's petition and because the petition stated that "Aranda, who was U.S. Auto's agent, confirmed there was coverage").

*First Nat'l Bank of Irving v. Shockley*, 663 S.W.2d 685, 688 (Tex. App.—Corpus Christi 1983, no writ); *see also Davis v. Quality Pest Control*, 641 S.W.2d 324, 328 (Tex. App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.) ("The test is whether an opposing attorney of reasonable competence, with the pleading before him, can ascertain the nature and the basic issues of controversy and the testimony probably relevant.").

Here, the Johnsons' petition may contain defects of form or substance, but it does attempt to state causes of action within the jurisdiction of the court, does give fair notice to Chen of the claims asserted, and does not affirmatively disclose the invalidity of any such claim.[6] We overrule Chen's third and fourth issues.

## VI. SUFFICIENCY OF THE EVIDENCE TO MONETARY AWARDS

In his second issue, Chen challenges the sufficiency of the evidence to support the monetary awards made in the judgment.

## A. Actual Damages

The actual damage award, as modified above to total $1,500 and to delete any double recovery, is based on liquidated damages—established by documents in writing attached to the Johnsons' petition. Thus, Chen, by not filing an answer, admitted this amount of liquidated damages—which is also proved by documents

---

[6]Chen argues that the lease application agreement is attached to the Johnsons' pleading and contains the acknowledgement required by the property code so that the Johnsons' pleading does affirmatively disclose the invalidity of their property code claim. Chen overlooks the fact that liability under the property code may attach despite the existence of the acknowledgement when there is a failure to timely return the deposit. *See* Tex. Prop. Code Ann. § 92.354.

attached to the Johnsons' pleading—and Chen is precluded on appeal from attacking the sufficiency of the evidence supporting the $1,500 liquidated damages award. *See, e.g.*, Tex. R. Civ. P. 641; *Heine*, 835 S.W.2d at 83; *Aavid Thermal Techs. of Tex.*, 68 S.W.3d at 711–12.

## B. Statutory Property Code Penalty

The default judgment awarded the Johnsons a statutory penalty for Chen's violation of the property code. This penalty constitutes unliquidated damages. *Accord Henry S. Miller Co. v. Hamilton*, 813 S.W.2d 631, 634 (Tex. App.—Houston [1st Dist.] 1991, no writ) (explaining that additional damages under the DTPA constitute unliquidated damages); *Fleming Mfg. Co. v. Capitol Brick, Inc.*, 734 S.W.2d 405, 409–10 (Tex. Civ. App.—Austin 1987, writ ref'd n.r.e.) (same). Chen is entitled to challenge the sufficiency of the evidence to support unliquidated damages. *See, e.g.*, *Heine*, 835 S.W.2d at 83; *Dawson*, 107 S.W.3d at 748.

When a defendant attacks the sufficiency of the evidence to support the trial court's determination of unliquidated damages in a default judgment, we must review the evidence adduced in support of the judgment. *Dawson*, 107 S.W.3d at 748. In granting a default judgment, the trial court is permitted to consider affidavits, like Jodi's, that are filed with the court, and consideration of such affidavits may satisfy the requirement that the plaintiff present proof of unliquidated damages. *See* Tex. R. Civ. P. 243; *Tex. Commerce Bank, Nat'l Ass'n v. New*, 3 S.W.3d 515, 517 (Tex. 1999); *Barganier v. Saddlebrook Apartments*, 104 S.W.3d 171, 173 (Tex.

9

App.—Waco 2003, no pet.).[7] In reviewing the legal sufficiency of the evidence, we view the evidence in the light most favorable to the default judgment entered, crediting favorable evidence if reasonable jurors could. *See City of Keller v. Wilson*, 168 S.W.3d 802, 807, 827 (Tex. 2005). In a factual sufficiency review, we consider all of the evidence and uphold findings by the factfinder unless the evidence is too weak to support them or the findings are so against the overwhelming weight of the evidence as to be manifestly unjust. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001).

To obtain the statutory property code penalty, a plaintiff must prove that a landlord in bad faith failed to refund an application fee or deposit in violation of subchapter I of the property code. *See* Tex. Prop. Code Ann. § 92.354. "Bad faith" is not defined in the list of definitions found in subchapter I. *See id.* § 92.351 (West Supp. 2012) (setting forth definitions applicable to subchapter I). A statutorily undefined term is to be given its ordinary meaning,[8] and it "appears to have been

---

[7]Chen argues that Jodi's affidavit is conclusory so that it is substantively defective, did not require him to object, and is not competent evidence. But the affidavit's statements that Chen identifies in his brief as being conclusory are statements of fact—i.e., "Chen has failed and refused to refund the Application Deposit." Chen argues that Jodi's affidavit provides "no supporting facts for the [above quoted] conclusion that Chen failed or refused to refund the deposit." These complaints, couched as challenges to the purportedly conclusory statements in Jodi's affidavit, constitute an effort to avoid the long-standing rule that a non-answering defendant admits all pleaded liability facts. Chen cannot circumvent this rule by recasting his sufficiency of the evidence claims as challenges to statements in Jodi's affidavit on the ground that the statements are conclusory.

[8]*See, e.g.*, *Tex. Lottery Comm'n v. First State Bank of DeQueen*, 325 S.W.3d 628, 635 (Tex. 2010).

decided by the great weight of authority that willful ignorance is the equivalent of bad faith; and that bad faith may be shown by a willful disregard of and refusal to learn the facts when available and at hand." *Fenner v. Am. Sur. Co. of N.Y.*, 156 S.W.2d 279, 282–83 (Tex. Civ. App.—Waco 1941, writ ref'd w.o.m.) (utilizing the above as the ordinary meaning of "bad faith" when that term is used, but not defined, in a statute). Concerning a landlord's failure to return a security deposit—as opposed to the application deposit here—a landlord acts in bad faith when he retains the security deposit in dishonest disregard of the tenant's rights. *See Reed v. Ford*, 760 S.W.2d 26, 30 (Tex. App.—Dallas 1988, no writ).

The evidence adduced in support of the unliquidated property code penalty awarded to the Johnsons—evidence that was attached to the Johnsons' pleading—included the following: Jodi's affidavit; the application completed by the Johnsons; an August 24, 2011 letter to the Johnsons from Fowler; a September 9, 2011 letter from the Johnsons' attorney to Fowler; and two emails showing the Johnsons' electronic payment of the application deposit and electronic request for its refund. The Johnsons pleaded that Chen's conduct in failing and refusing to return the application deposit was in bad faith. The documentary evidence establishes that the Johnsons paid the application deposit on August 10 and that a refund was requested on August 14. Jodi's affidavit avers that "[n]owhere in this Application did it state that an Application Deposit was non-refundable for any reason or that an Application Deposit is a reservation of rent. Nor did Defendants inform Plaintiffs of any of this orally before the Application was submitted or an Application Deposit was

11

paid." The evidence reflects that the Johnsons were given two contradictory explanations for Chen and Region Realty's failure to refund the application deposit. First, they were told in Fowler's August 24 letter that the application deposit was not refundable because Chen and Region Realty had accepted the Johnsons' application and had taken the house off the market to lease to the Johnsons. But the application itself states that "unless Landlord and Applicant enter into a separate written agreement otherwise, the Property remains on the market until a lease is signed by all parties." Jodi's affidavit attests that no such separate agreement exists. Second, the Johnsons were told verbally that the application they had completed was not a form furnished by Chen and Region Realty. But the Johnsons were never provided with a different application. Finally, the September 9, 2011 letter from the Johnsons' attorney expressly sets forth a demand for a refund of the Johnsons' $1,500 application deposit and details why a refund is mandated pursuant to the terms of the property code. Yet, the Johnsons' $1,500 application deposit was not refunded.

Viewing the facts in the light most favorable to the Johnsons, more than a scintilla of evidence exits that a reasonable factfinder could have credited as constituting a bad faith failure by Chen[9] to refund the Johnsons' application deposit.

_____

[9]To the extent that Chen claims he cannot be liable for the acts of his agent Fowler, we note that—as set forth above—by failing to file an answer, Chen admitted that Fowler was acting as his agent. *See U.S. Auto Ins. Servs., Inc.*, 2003 WL 22012670, at *2. And furthermore, Fowler's August 24 letter to the Johnsons indicates that the Johnsons' application deposit was submitted to the landlord (i.e.,

12

*See* Tex. Prop. Code Ann. §§ 92.353 (West 2007), .354; *accord Reed*, 760 S.W.2d at 29–30 (holding that trial court erred by granting a directed verdict for landlord on issue of bad faith failure to return security deposit because evidence existed that landlord suggested he would refuse refund of deposit unless tenant renewed lease on landlord's terms—an act of bad faith); *Sunrizon Homes, Inc. v. Fuller*, 747 S.W.2d 530, 534–35 (Tex. App.—San Antonio 1988, writ denied) (upholding default judgment's award of additional DTPA damages based on defendant's knowing conduct when evidence included letter from plaintiffs listing defect in the mobile home; list of contacts between plaintiffs, defendant, and defendant's sales agents; written catalogue of personal contacts between plaintiffs and defendant's factory representatives; and DTPA notice letter sent by plaintiffs' attorney). Likewise, considering all of the evidence, it is not too weak to support the trial court's determination that Chen "in bad faith fail[ed] to refund an application fee . . . in violation of" subsection I of the property code. *See* Tex. Prop. Code Ann. §§ 92.353, .354; *Francis*, 46 S.W.3d at 242. Thus, the evidence is legally and factually sufficient to support the default judgment's award of $3,100 in statutory penalties for Chen's violation of the property code.[10]

---

Chen) as lost rents; therefore, evidence exists in the record that Chen himself retained and failed to refund the application deposit.

[10]Having determined the the evidence is legally and factually sufficient to support the statutory-property-code penalty awarded to the Johnsons in the trial court's default judgment and because the Johnsons concede that if the statutory-property-code penalty is upheld they are not entitled to also recover the additional damages awarded under the DTPA, we need not address the portion of Chen's

13

## C. Attorney's Fees

The default judgment awarded the Johnsons $5,000 in attorney's fees. A claim for attorney's fees, absent a contract therefor, is a claim for unliquidated damages. *Shockley*, 663 S.W.2d at 691. The Johnsons' attorney made and filed an "Affidavit of Attorney's Fees," setting forth his qualifications, the factors delineated in Texas Disciplinary Rules of Professional Conduct Rule 1.04, the time spent on the case, and his opinion that the work performed was reasonable and necessary in the prosecution of the action and that the sum of $5,000 was a fair and reasonable attorney's fee. The Johnsons' attorney's affidavit is sufficient to support the trial court's award of $5,000 in attorney's fees. *See U.S. Auto Ins. Servs., Inc.*, 2003 WL 22012670, at *3.

We overrule Chen's second issue.

## VII. CONCLUSION

Having overruled Chen's second, third, and fourth issues, having sustained Chen's first issue that the Johnsons may recover liquidated damages in the amount of only $1,500 for the application deposit, and having found that the evidence is legally and factually sufficient to support the default judgment's award to the Johnsons of unliquidated damages in the amount of $3,100 under the property code and $5,000 in attorney's fees, we modify the default judgment to delete the $1,000

---

second issue challenging the sufficiency of the evidence to support the judgment's award of additional damages under the DTPA. *See* Tex. R. App. P. 47.1 (requiring appellate court to address only issues necessary to disposition of the appeal).

14

award based on Texas Civil Practice and Remedies Code section 134.005 and to delete the $3,000 award based on violations of the DTPA. The trial court's default judgment, as modified, reflects an award to the Johnsons of $1,500 in liquidated damages; plus $3,100 in unliquidated damages under the property code for total damages of $4,600; plus prejudgment interest—recalculated on the modified award of $4,600 at the rate of five percent from August 24, 2011 to July 12, 2012—of $203.53; plus postjudgment interest on $4,600 at five percent per annum from July 12, 2012 until paid; plus $5,000 in attorney's fees; plus $561.55 in court costs, which were uncontested on appeal. As modified, we affirm the trial court's default judgment awarding the Johnsons $10,365.08, plus postjudgment interest on $4,600 (the $4,600 is included in the $10,365.08) at five percent per annum from July 12, 2012, until paid.

SUE WALKER
JUSTICE

PANEL: GARDNER, WALKER, and MCCOY, JJ.

DELIVERED: May 30, 2013

15

**APPENDIX A**

**PETITION**

CV-2011·02750

| | | |
|---|---|---|
| JODI JOHNSON and<br>JOSEPH JOHNSON Plaintiff<br><br>v.<br><br><br>REGION REALTY, INC, and<br>JINHUI CHEN Defendants | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | In the County<br><br><br><br>Court at Law No. 2<br><br><br><br><br><br>Denton County, Texas |

## PLAINTIFF'S FIRST AMENDED PETITION

TO THE HONORABLE COURT

      Comes now, Plaintiffs, Jodi Johnson and Joseph Johnson, and file this Petition and show the Court the following:

### Parties

1. Plaintiff Jodi Johnson is a resident of 10769 Brighton Knoll Pkwy, Noblesville, TN 46060.

2. Plaintiff Joseph Johnson is a resident of 10769 Brighton Knoll Pkwy, Noblesville, TN 46060

3. Defendant Region Realty, Inc. is a Texas corporation ("Region Realty") whose address is 8551 Boat Club Rd., Ste. 121-163, Fort Worth, TX 76179-3638, which may be served with process by serving the Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701, as its agent for service because defendant is required by Texas Business Organizations Code section 5.201 to appoint and maintain a registered agent in Texas but it has failed to do so. The registered agent appointed by Region Realty has left the state and now lives In North Carolina.

4. Defendant Jinhui Chen, an individual who is a nonresident of Texas, whose home is located at 968 W Ebony Dr., Chandler, AZ 85248-4327 may be served with process by serving the Texas Secretary of State at 1019 Brazos Street, Austin, Texas 78701, as Defendant's agent for service because Defendant engages in business in Texas but does not maintain a regular place of business in Texas or a designated agent for service of process, and this suit arose from Defendant's business in Texas.

PLAINTIFFS' FIRST AMENDED PETITION            Page 1

<u>Discovery-Control Plan</u>

5. Plaintiffs intend to conduct discovery under Level 1 of Texas Rule of Civil Procedure 190.2 because this suit involves only monetary relief totaling $50,000 or less, excluding court costs, prejudgment interest, and attorney fees.

<u>Facts</u>

6. In August of 2011, Jodi Johnson ("Mrs. Johnson") and her husband Joseph Johnson (collectively referred to as "Plaintiffs") sought to rent a home located at 1501 Carriage Lane, in Savannah, Texas 76227 (the "Property"). On August 6, 2011, Plaintiffs filled out the Residential Lease Application (the "Application"), attached as Exhibit A.

7. The Application was given to Angela Fowler ("Ms. Fowler"), in her capacity as the agent and realtor for Region Realty. At all times Ms. Fowler was acting as the agent of Region Realty and Jinhui Chen. The application was turned in with an application fee of $80. At no point was the Application returned to Mrs. Johnson by the Defendants to indicate that the Application had been accepted. See Exhibit A.

8. The Application states that "unless Landlord and Applicant enter into a separate written agreement otherwise, the Property remains on the market until a lease is signed by all parties and Landlord may continue to show the Property to other prospective tenants and accept another offer." See Exhibit A.

9. Nowhere in this Application did it state that an Application deposit was non-refundable for any reason or that an Application deposit is a reservation of rent. Nor did Defendants inform Plaintiffs of any of this orally before the Application was submitted or an Application deposit was paid.

10. On August 9, Mrs. Johnson was contacted by Ms. Fowler and told to pay the Application deposit ("Application deposit") online. On August 10, Mrs. Johnson did in fact pay a $1,500 Application deposit online, which was accepted by all Defendants, as shown by Exhibit B.

11. On August 14, Mrs. Johnson requested a refund through her own realtor, Samantha Wallace.

12. On August 15 and 16, Mrs. Johnson twice spoke to Ms. Fowler over the phone to inform Ms. Fowler that she was concerned that repairs would not be made to the property in time for her to move in, and that she may not be moving to the area after all. Mrs. Johnson requested the Application deposit be returned to her. At that point, Ms. Fowler stated that the Application was not a form furnished by Defendants, and was a general application not specific to Region Realty, Inc. or any Defendants. Defendants did not

thereafter furnish an application form that Defendants would accept. Defendants accepted the Application deposit on terms not disclosed in the Application, and in contravention of all oral and written communications to Plaintiff. The Defendants' "Deemed Rejection" of Plaintiffs is demonstrated by their failure to return the accepted Application.

13. It was not until August 24 that Defendants revealed to Plaintiffs that no refund was to be provided. See Exhibit C. On Monday, August 15, 2011, and September 9, 2011, Plaintiffs made a demand for the refund of the Application deposit, shown by Exhibit D and E.

14. Defendants have failed and refused to refund the Application deposit.

### Violation of The Texas Property Code

15. Defendants' have violated the Texas Property Code by refusing to refund the Application deposit.

16. All Defendants are Landlords within the definition of the Texas Property Code.

17. Plaintiffs are applicants or rental applicants within the definition of the Texas Property Code.

18. The $1,500 deposit paid in connection with the Application is an Application Deposit within the definition of the Texas Property Code.

19. Plaintiffs were rejected as applicants by the Defendants, and are therefore entitled to a refund of the Application deposit. Defendants did not return the Application as accepted, did not furnish Plaintiffs a lease form, and in fact rejected Plaintiffs because she did not fill out the correct application form.

20. Defendants' are liable to Plaintiffs for the Application deposit because they requested that the application deposit be mailed to them, at the address furnished by Plaintiffs, in accordance with the Texas Property Code.

21. Defendants have in bad faith failed to refund the Application Deposit to Plaintiffs. Defendants are therefore liable for an amount equal to the sum of $100, three times the amount of the Application deposit. and Plaintiffs' reasonable attorney's fees in a suit to recover the Deposit.

### Breach of Contract

22. In the alternative, and without waiving the foregoing, if the Application was accepted by Defendants, and therefore a valid Contract, Defendants are liable to Plaintiffs for breach of Contract.

PLAINTIFFS' FIRST AMENDED                    Page 3

23. The Application provides that the applicant submit an application deposit, which was orally agreed to as $1,500.00.

24. The Application states that "Unless Landlord and Applicant enter into a separate written agreement otherwise, the Property remains on the market until a lease is signed by all parties and Landlord may continue to show the Property to other prospective tenants and accept another offer." Nowhere in this Application did it state that the Application deposit was non-refundable for any reason or that the Application deposit is a reservation of rent. Nor did Defendants inform Plaintiffs of any of this information orally or in writing before the Application was submitted or the Application deposit was paid.

25. Plaintiffs fully performed their obligations under the Application by providing the $80 application fee and the $1,500 Application deposit.

26. The Defendants breached the contract by not returned the Application Deposit.

27. Defendants' breach caused injury to plaintiff, which resulted in the following damages: Loss of the Application deposit.

28. Plaintiffs seek unliquidated damages within the jurisdictional limits of this court.

29. Plaintiffs are entitled to recover reasonable attorney fees under Texas Civil Practice & Remedies Code chapter 38 because this suit is for breach of a written contract. Plaintiffs retained counsel, who presented plaintiff's claim to Defendant Region Realty, Inc. and Angela Fowler, Defendant Jinhui Chen's agent. Defendants did not tender the amount owed within 30 days of when the claim was presented.

### Fraud By Nondisclosure

30. In the alternative, and without waiving the foregoing, Defendants are liable to Plaintiffs because of fraud by nondisclosure.

31. Defendants concealed and failed to disclose material facts related to the Application: that the Application deposit would not be refundable for any reason whatsoever or that it was the practice of Defendants not to return application deposits.

32. Defendants had a duty to disclose the information to Plaintiffs because Defendants because Defendants' representations to Plaintiffs created a substantially false impression by concealing the Defendants' intent to not refund the Application fee. Defendants knew Plaintiffs were ignorant of the information and did not have an equal opportunity to discover the truth. Defendants' actions indicated to Plaintiffs that the Application deposit was refundable.

33. Defendants deliberately remained silent and did not disclose the information to Plaintiffs. By deliberately remaining silent, Defendants intended for Plaintiffs to act without the information.

34. The information was a material provision of the Application and the contract between Defendants and Plaintiff.

35. Plaintiffs justifiably relied on Defendants' deliberate silence.

36. By deliberately remaining silent, Defendants proximately caused injury to Plaintiffs, which resulted in the following damages: Loss of the Application deposit.

37. Plaintiffs seek unliquidated damages within the jurisdictional limits of this court.

38. Plaintiffs' injuries resulted from Defendants' actual fraud or malice, which entitles Plaintiffs to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a).

## Deceptive Trade Practices

39. In the alternative, and without waiving the foregoing, Defendants are liable under the Texas Deceptive Trade Practices Act ("DTPA").

40. Plaintiffs are consumers under the DTPA because Plaintiffs are individuals who sought goods by lease.

41. Defendants are individuals and entities that can be sued under the DTPA

42. Defendants violated the DTPA when Defendants:

   a. engaged in false, misleading, or deceptive acts or practices that Plaintiffs relied on to Plaintiffs' detriment. Specifically, Defendants represented that that the Application's agreements conferred or involved rights, remedies, or obligations that it did not; and also failed to disclose information about goods or services that was known at the time of the Application and was intended to induce Plaintiffs into a transaction that Plaintiffs would not have entered into if the information had been disclosed.

   b. engaged in an unconscionable action or course of action that, to Plaintiffs' detriment, took advantage of Plaintiffs' lack of knowledge, ability, experience, or capacity to a grossly unfair degree. Specifically, Defendants took advantage of Plaintiffs' lack of knowledge of the "practices" of Defendants.

43. Plaintiffs gave Defendants notice of their claim.

44. Defendanfs wrongful conduct was a producing cause of plaintiffs injury, which resulted in the following damages: Loss of the Application deposit.

45. Plaintiffs seek unliquidated damages within the jurisdictional limits of this court.

46. Defendants acted knowingly and intentionally, which entitles Plaintiffs to recover mental-anguish damages under Texas Business & Commerce Code section 17.50(b)(1).

47. Defendants acted knowingly, which entitles Plaintiffs to recover treble economic damages under Texas Business & Commerce Code section 17.50(b)(1).

48. Defendants acted intentionally, which entitles Plaintiffs to recover treble economic and mental anguish damages under Texas Business & Commerce Code section 17.50(b)(1).

49. Plaintiffs are entitled to recover reasonable and necessary attorney fees for prosecuting this suit under Texas Business & Commerce Code section 17.50(d).

## Theft

50. Pleading in the alternative, and without waiving the foregoing, Plaintiffs plead their claim under the Texas Theft Liability Act.

51. Plaintiffs bring this action under the Texas Theft Liability Act for an unlawful appropriation of property under Texas Penal Code§ 31.03.

52. Plaintiffs were entitled to possession of the Application Deposit, in accordance with the Application and her demand under the Texas Property Code.

53. The Plaintiffs had a possessory right to the Application deposit.

54. Defendants unlawfully misappropriated the Application deposit by taking it into their own account for use and benefit without the Plaintiffs' effective consent.

55. Defendants' unlawful appropriation was made with the intent to deprive Plaintiffs of the property.

56. The Plaintiffs sustained damages as a result of the theft in excess of $1,500.

57. Upon proof of actual damages, Plaintiffs are entitled to additional statutory damages of up to $1,000 from Defendants under Texas Civil Practice &

Remedies Code section 134.005(a)(1).

58. Plaintiffs seek unliquidated damages within the jurisdictional limits of this court.

## Jury Demand

59. Plaintiffs demand a jury trial and tender the appropriate fee with this petition.

## Conditions Precedent

60. All conditions precedent to Plaintiffs' claim for relief have been performed or have occurred.

## Request for Disclosure

61. Under Texas Rule of Civil Procedure 194, Plaintiffs request that Defendants disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

## Interest

62. As a result of each of the Defendants' conduct, as hereinabove described, Plaintiffs have been damaged and are entitled to recover pre-judgment interest. Consequently, Plaintiffs seek pre-judgment interest at the maximum lawful rate from the date of injury until judgment to prevent the unjust enrichment of the Defendants who have had the use of money rightfully due to Plaintiffs during the period preceding this lawsuit, and during the pendency hereof. Additionally, Plaintiffs are entitled to recover, and seek, post-judgment interest at the maximum lawful rate from the date of judgment until paid

## Prayer

63. For these reasons, Plaintiffs ask that the court issue citation for Defendants to appear and answer, and that Plaintiffs be awarded a judgment against Defendants for the following:

1. Actual damages in an amount in excess of the minimum jurisdictional limits of this Court;

2. Three times actual damages;

3. Exemplary damages;

4. Additional statutory damages;

5. All damages available under the DTPA;

6.  Reasonable and necessary attorneys' fees for the prosecution of this action, together with additional awards in the event of appeals;

7,  Pre-judgment interest thereon at the maximum lawful rate from the date of injury until judgment;

8.  Post-judgment interest at the highest lawful rate from the date of judgment until paid;

9.  Costs of suit; and

10. Such other and further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,
LAW OFFICE OF DAN E. MARTENS

By: _____

Dan E. Martens
State Bar No. 13050500
17101 Preston Road,
Suite 160S Dallas, TX
75248
Telephone: (972) 335-3888
Fax:         (972) 335-5805
ATTORNEY FOR PLAINTIFFS

PLAINTIFFS' FIRST AMENDED                          Page 8

EXHIBIT A



TEXAS ASSOCIATION OF REALTORS®

# RESIDENTIAL LEASE APPLICATION

USE OF THIS FORM BY PERSONS WHO ARE NOT MEMBERS OF THE TEXAS ASSOCIATION OF REALTORS® IS NOT AUTHORIZED.
©Texas Association of REALTORS®, Inc. 2007

*Each occupant and co-applicant 18 years or older must submit a separate application.*

Property Address: 1501 Carriage Lane Savannah TX
Anticipated Move-in Date: ACD2  Monthly Rent: $ 1500  Security Deposit: $ 1500

Applicant was referred to Landlord by:
☐ Real estate agent  Samitha _____ (name) _____ (phone)
☐ Newspaper  ☐ Sign  ☐ Internet  ☐ Other _____

Applicant's name (first, middle, last) Joseph Lamarr Johnson
Is there a co-applicant? ☒ yes ☐ no  If yes, co-applicant must submit a separate application.
Applicant's former last name (maiden or married) _____
E-mail Johnsonphila@yahoo  Home Phone 317-213-3107
Work Phone _____  Mobile/Pager 317-213-3147
Soc. Sec. No. 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  Driver License No. _____ in _____ (state)
Date of Birth 2-1-70  Height 5'10  Weight 220  Eye Color Brown
Hair Color Brown  Marital Status M  Citizenship _____ (country)

Emergency Contact: Name: Jodi Johnson
Address: 10206 Brighton Knoll Pkwy Noblesville
Phone: 317-366-8249  E-mail: Johnsonphila@yahoo

Name all other persons who will occupy the Property:
Name: Jodi _____ Relationship: Wife  Age: 40
Name: Maria _____ Relationship: daughter Age: 15
Name: Michael _____ Relationship: Son Age: 11
Name: Carmelia _____ Relationship: daughter Age: 4

Applicant's Current Address: 10206 Brighton Knoll Pkwy Way Apt. No. 60
Noblesville IN 46 (city, state, zip)
Landlord's Name: CH Mortgage  Email: _____
Phone: Day: _____ Nt _____ Mb _____ Fax: _____
Date Moved-In 4-09  Move-Out Date 5-11 Lease  Rent $ 1280
Reason for move: Relocating Wife's Job Martsville

Applicant's Previous Address: 52 Keiser Circle  Apt. No. _____
Williamsport PA (city, state, zip)
Previous Landlord's Name: Donna Martaire  Email: _____
Phone: Day: _____ Nt _____ Mb _____ Fax: _____
Date Moved-In 4-04  Date Moved-Out 4-04 2-09  Rent $ 1205
Reason for move: Relocate IN

Applicant's Current Employer: Nabet Company
Address: 118 Blvd Indianapolis (street, city, state, zip)
Supervisor's Name: Tom Anderson  Phone: _____  Fax: _____
E-mail: _____
Start Date: 10/09  Gross Monthly Income: $ 3000  Position: Delivery Job
Will be starting back once
we are relocated to TX Kn x

(TAR-2003) 10-16-07

Page 1 of 4

*Note: If Applicant is self-employed, Landlord may require one or more previous year's tax return attested by a CPA, attorney, or other tax professional.*

Applicant's Previous Employer: Ashla/Trucking?
Address: _____ Fishers TN _____ (street, city, state, zip)
Supervisor's Name: Charle Grill _____ Phone: _____ Fax: _____
E-mail: _____
Employed from 06 to 08 Gross Monthly Income: $3000 Position: Delivery

Describe other income Applicant wants considered: 1.0 per 100/ a year.
_____
_____

List all vehicles to be parked on the Property:

| Type | Year | Make | Model | License/State | Mo.Pymnt. |
|------|------|------|-------|---------------|-----------|
| Car | 2010 | Chevy | Impala | TN | 125 |
| SUV | 2006 | Jeep | Commander | TN | 450 |

List all pets to be kept on the Property (dogs, cats, birds, reptiles, fish, and other pets):

| Type & Breed | Name | Color | Weight | Age | Gender | Neutered? | Declawed? | Rabies Shots Current? |
|---|---|---|---|---|---|---|---|---|
| | | | | | | ☐ yes ☐ no | ☐ yes ☐ no | ☐ yes ☐ no |
| | | | | | | ☐ yes ☐ no | ☐ yes ☐ no | ☐ yes ☐ no |

|  | Yes | No | Explanation |
|---|---|---|---|
| Will any waterbeds or water-filled furniture be on the Property? | ☐ | ☑ | |
| Does anyone who will occupy the Property smoke? | ☐ | ☑ | |
| Will Applicant maintain renter's insurance? | ☐ | ☑ | |
| Is Applicant or Applicant's spouse, even if separated, in military? | ☐ | ☑ | |
| If yes, is the military person serving under orders limiting the military person's stay to one year or less? | ☐ | ☑ | |
| Has Applicant ever: | | | |
| been evicted? | ☐ | ☑ | |
| been asked to move out by a landlord? | ☐ | ☑ | |
| breached a lease or rental agreement? | ☐ | ☑ | |
| filed for bankruptcy? | ☐ | ☑ | |
| lost property in a foreclosure? | ☐ | ☑ | |
| had any credit problems, slow-pays or delinquencies? | ☑ | ☐ | – Credit Card Medical |
| been convicted of a crime? | ☐ | ☑ | |
| Is any occupant a registered sex offender? | ☐ | ☑ | |
| Are there any criminal matters pending against any occupant? | ☐ | ☑ | |
| Is there additional information Applicant wants considered? | ☐ | ☑ | |

**Authorization:** Applicant authorizes Landlord and Landlord's agent, at any time before, during, or after any tenancy, to:
   (1) obtain a copy of Applicant's credit report;
   (2) obtain a criminal background check related to Applicant and any occupant; and
   (3) verify any rental or employment history or verify any other information related to this application with persons knowledgeable of such information.

**Notice of Landlord's Right to Continue to Show the Property:** Unless Landlord and Applicant enter into a separate written agreement otherwise, the Property remains on the market until a lease is signed by all parties and Landlord may continue to show the Property to other prospective tenants and accept another offer.

Residential Lease Application concerning **1501 Carriage Lane**

**Privacy Policy:** Landlord's agent or property manager maintains a privacy policy that is available upon request.

**Fees:** Applicant submits a non-refundable fee of $ **40** for processing and reviewing this application and (check only one box if applicable):

☐ (1) $_____ to be applied to the security deposit upon execution of a lease or returned to Applicant if a lease is not executed.

☐ (2) an Application Deposit of $_____ in accordance with the attached Agreement for Application Deposit and Hold on Property (TAR No. 2009 or similar agreement).

**Acknowledgement & Representation:**
(1) Signing this application indicates that Applicant has had the opportunity to review Landlord's tenant selection criteria, which is available upon request. The tenant selection criteria may include factors such as criminal history, credit history, current income and rental history.
(2) Applicant understands that providing inaccurate or incomplete information is grounds for rejection of this application and forfeiture of any application fee and may be grounds to declare Applicant in breach of any lease the Applicant may sign.
(3) Applicant represents that the statements in this application are true and complete.

_____  3-6-11
Applicant's Signature                              Date

For Landlord's Use:

On _____ , _____ (name/initials) notified

☐ Applicant ☐ _____ by ☐ phone ☐ mail ☐ e-mail ☐ fax ☐ in person

that Applicant was ☐ approved ☐ not approved. Reason for disapproval: _____

(TAR-2003) 10-16-07                                                                 Page 3 of 4



TEXAS ASSOCIATION OF REALTORS

# AUTHORIZATION TO RELEASE INFORMATION
# RELATED TO A RESIDENTIAL LEASE APPLICANT

USE OF THIS FORM BY PERSONS WHO ARE NOT MEMBERS OF THE TEXAS ASSOCIATION OF REALTORS® IS NOT AUTHORIZED.
©Texas Association of REALTORS®, Inc. 2002

I, _____Joseph Johnson_____ (Applicant), have submitted an application to lease a property located at _____1504 Carriage Lane_____ _____ (address, city, state, zip).

The landlord, broker, or landlord's representative is:

_____ (name)

_____ (address)

_____ (city, state, zip)

_____ (phone) _____ (fax)

_____ (e-mail)

I give my permission:

(1) to my current and former employers to release any information about my employment history and income history to the above-named person;

(2) to my current and former landlords to release any information about my rental history to the above-named person;

(3) to my current and former mortgage lenders on property that I own or have owned to release any information about my mortgage payment history to the above-named person;

(4) to my bank, savings and loan, or credit union to provide a verification of funds that I have on deposit to the above-named person; and

(5) to the above-named person to obtain a copy of my consumer report (credit report) from any consumer reporting agency and to obtain background information about me.

_____        3-6-11
Applicant's Signature                                    Date

*Note: Any broker gathering information about an applicant acts under specific instructions to verify some or all of the information described in this authorization. The broker maintains a privacy policy which is available upon request.*

(TAR-2002) 10-10-07                                                    Page 4 of 4

56



TEXAS ASSOCIATION OF REALTORS

# RESIDENTIAL LEASE APPLICATION

USE OF THIS FORM BY PERSONS WHO ARE NOT MEMBERS OF THE TEXAS ASSOCIATION OF REALTORS IS NOT AUTHORIZED.
©Texas Association of REALTORS, Inc. 2007

*Each occupant and co-applicant 18 years or older must submit a separate application.*

Property Address: 1504 Cabriolet Trails Savannah Tx
Anticipated Move-In Date: when? Monthly Rent: $ 1500 Security Deposit: $ 755
available

Applicant was referred to Landlord by:
☐ Real estate agent: Samantha (name) _____ (phone)
☐ Newspaper ☐ Sign ☐ Internet ☐ Other _____

Applicant's name (first, middle, last) Jodi Ann Johnson
Is there a co-applicant? ☒ yes ☐ no   If yes, co-applicant must submit a separate application.
Applicant's former last name (maiden or married) _____
E-mail: Johnsonpinlas@yahoo   Home Phone 317-361-8369
Work Phone _____   Mobile/Pager 317-314-8369
Soc. Sec. No. 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   Driver License No. _____ In _____ (state)
Date of Birth 2-11-71   Height 5'5   Weight 135   Eye Color Brown
Hair Color Dk Brn   Marital Status M   Citizenship US (country)

Emergency Contact: Name: Iva Johnson
Address: 10748 Brighton Knoll Pkwy Noblesville IN
Phone: 317-213-3197   E-mail: Johnsonpinlas@yahoo.com

Name all other persons who will occupy the Property:
Name: Joe   Relationship: husband   Age: 41
Name: Maria   Relationship: daughter   Age: 15
Name: Michael   Relationship: son   Age: 11
Name: Cassandra   Relationship: daughter   Age: 4

Applicant's Current Address: 10748 Brighton Knoll Pkwy   Apt. No. _____
Mortgage   Noblesville IN 46060   (city, state, zip)
Landlord's Name: Citi Mortgage   Email: _____
Phone: Day: _____ M: _____ Mo: _____ Fax: _____
Date Moved-In 4-1-07   Move-Out Date April 1-09   Rent $ 1320 Month
Reason for move: Relocating w/ Job

Applicant's Previous Address: 54 Payer Circle   Apt. No. _____
Noblesville   (city, state, zip)
Previous Landlord's Name: National Mortgage   Email: _____
Phone: Day: _____ M: _____ Mo: _____ Fax: _____
Date Moved-In _____   Date Moved-Out 2-06   Rent $ 1405 2006
Reason for move: Relocated for Indiana   Mortgage Payoff

Applicant's Current Employer: Modesty Nancy Davi
Address: 1145 Conduit Dr Owings Mills Md   (street, city, state, zip)
Supervisor's Name: Tammy Hutchcraft   Phone 443-921-2001 Fax: _____
E-mail: Tuthcraft@honesti/walbest _____
Start Date: 6/24/11   Gross Monthly Income $ 5800 Position: District
+ Commission   Manager
bonuses

*Note: If Applicant is self-employed, Landlord may require one or more previous year's tax return attested by a CPA, attorney, or other tax professional.*

Applicant's Previous Employer: _Larry Coaler_ _____

Address: _Weatherford, Ok_ _____ _(street, city, state, zip)_

Supervisor's Name: _Jennifer Holt_ _____ Phone:_____ Fax:_____

E-mail: _____

Employed from _2/06_ to _5/11_ Gross Monthly Income: $_4000_ Position: _Claims Adjuster + Loan Rep_

Describe other income Applicant wants considered: _3500 monthly trust + 2000 Husband income_

List all vehicles to be parked on the Property:

| Type | Year | Make | Model | License/State | Mo. Pmnt. |
|------|------|------|-------|---------------|-----------|
| Chevy | 2010 | Tahoe | (red) | TX | 725 |
| Jeep | 2006 | Commander | (blk) | TX | 450 |

List all pets to be kept on the Property (dogs, cats, birds, reptiles, fish, and other pets):

| Type & Breed | Name | Color | Weight | Age | Gender | Neutered? | Declawed? | Rabies Shots Current? |
|--------------|------|-------|--------|-----|--------|-----------|-----------|----------------------|
| | | | | | | ☐ yes ☑ no | ☐ yes ☐ no | ☐ yes ☐ no |
| | | | | | | ☐ yes ☑ no | ☐ yes ☐ no | ☐ yes ☐ no |

| | Yes | No | Explanation |
|--|-----|-----|-------------|
| Will any waterbeds or water-filled furniture be on the Property? | ☐ | ☑ | |
| Does anyone who will occupy the Property smoke? | ☐ | ☑ | |
| Will Applicant maintain renter's insurance? | ☐ | ☑ | |
| Is Applicant or Applicant's spouse, even if separated, in military? | ☐ | ☑ | |
| If yes, is the military person serving under orders limiting the military person's stay to one year or less? | ☐ | ☑ | |
| Has Applicant ever: | | | |
| been evicted? | ☐ | ☑ | |
| been asked to move out by a landlord? | ☐ | ☑ | |
| breached a lease or rental agreement? | ☐ | ☑ | |
| filed for bankruptcy? | ☑ | ☐ | On "09" Released Apr |
| lost property in a foreclosure? | ☐ | ☑ | |
| had any credit problems, slow-pays or delinquencies? | ☑ | ☐ | been in terminated LLC have late on mortgage |
| been convicted of a crime? | ☐ | ☑ | |
| Is any occupant a registered sex offender? | ☐ | ☑ | |
| Are there any criminal matters pending against any occupant? | ☐ | ☑ | |
| Is there additional information Applicant wants considered? | ☑ | ☐ | letter attached |

**Authorization:** Applicant authorizes Landlord and Landlord's agent, at any time before, during, or after any tenancy, to:
   (1) obtain a copy of Applicant's credit report;
   (2) obtain a criminal background check related to Applicant and any occupant; and
   (3) verify any rental or employment history or verify any other information related to this application with persons knowledgeable of such information.

**Notice of Landlord's Right to Continue to Show the Property:** Unless Landlord and Applicant enter into a separate written agreement otherwise, the Property remains on the market until a lease is signed by all parties and Landlord may continue to show the Property to other prospective tenants and accept another offer.

(TAR-2003) 10-19-07

**Privacy Policy:** Landlord's agent or property manager maintains a privacy policy that is available upon request.

**Fees:** Applicant submits a non-refundable fee of $ __40__ for processing and reviewing this application and *(check only one box if applicable)*:

☐ (1) $_____ to be applied to the security deposit upon execution of a lease or returned to Applicant if a lease is not executed.

☐ (2) an Application Deposit of $_____ in accordance with the attached Agreement for Application Deposit and Hold on Property (TAR No. 2009 or similar agreement).

**Acknowledgement & Representation:**
(1) Signing this application indicates that Applicant has had the opportunity to review Landlord's tenant selection criteria, which is available upon request. The tenant selection criteria may include factors such as criminal history, credit history, current income and rental history.
(2) Applicant understands that providing inaccurate or incomplete information is grounds for rejection of this application and forfeiture of any application fee and may be grounds to declare Applicant in breach of any lease the Applicant may sign.
(3) Applicant represents that the statements in this application are true and complete.

_____            _8-6-4_
Applicant's Signature                                                            Date

_____

*For Landlord's Use:*

On _____, _____ [name/initials] notified

☐ Applicant ☐ _____ by ☐ phone ☐ mail ☐ e-mail ☐ fax ☐ in person

that Applicant was ☐ approved ☐ not approved. Reason for disapproval:_____

_____

EXHIBIT B

# YAHOO! MAIL
### Classic

**PayLease Receipt**
From: "PayLease, LLC" <support@paylease.com>
To: jjohnsonphils@yahoo.com

**Dear Jodi Joe Johnson,**

Thank you for using PayLease to make your lease payments easier! Your Transaction Detail can be found below.

**RECEIPT DETAILS**
Transaction #: 5576430
Resident Name: Jodi Joe Johnson
Payment made by: Jodi Joe Johnson
Transaction Date: Aug-09-11
Security deposit: $1,500.00
Convenience Fee: $2.00
Total: $1,502.00
Checking Account ending #6702

Property Address: 1501 Carriage
Property Management Company: Region Realty, Inc

If you would like to set up an Automatic Payment each month from your checking account or credit card, please click on Go to My Account

And click on Automatic Payment.

Thank you for using PayLease.

PayLease, LLC
support@paylease.com
(866) PAYLEASE

EXHIBIT C



8551 Boot Club Rd Ste 121-163*Fort Worth, TX 76179

Office (972)680-8811*Fax (972)946-6903

August 24, 2011

Jodi Johnson & Joseph Johnson

10769 Brighton Knoll Pkwy

Knoblesville, IN 46060

On August 8, 2011 Applications were turned in on the property at 1501 Carriage Lane, Savannah, TX 76227. The applications were approved and your realtor was notified of approval. I requested in writing to your realtor that we would take the property off the market and secure the home once the deposit was to be paid in the amount of $1500.00. The deposit was paid on August 9, 2011 in the amount of $1500 through our online payment system Pay-lease. On August 9, 2011 after confirmation of deposit payment I took the property located at 1501 Carriage Lane, Savannah off the market. The status was changed to Pending in the Multiple Listing service. This property was unavailable to any other prospective clients. Region Realty turned away several opportunities to lease the property to any other prospective clients. I received a phone call from your Realtor that stated that you did not want to lease the property due to the condition of the home not being ready several weeks before move in. At that time I had several contractors out to the property bidding the work that needed to be completed and all of our properties are ready before the tenant takes possession of the property by their scheduled move in date. I spoke to you regarding the condition you stated that you may not even be getting re-located to Texas. Region Realty and the Landlord do not return deposits when a tenant backs out of move in due to personal reasons that Region Realty is not at Fault. The Deposit is placed as an application deposit in a reserve account until possession is taken of the property. Once the lease is signed and tenant takes possession it is

63

then rolled over to a security deposit. When a tenant backs out before move in it is submitted to the Landlord for lost rent from the property being taken off the market or the opportunity for another prospective tenant to lease the property. In Texas tenant and landlord laws state that the landlord can legally withhold a deposit if the tenant decides not to lease a property due to their own personal issues. I have documents supporting that the property was taken off the market and that the home was to be taken off the market once the deposit was paid to secure the tenant was going to lease the home.

Thanks

Angela Fowler

Broker/ Division Property Manager

Region Realty, Inc

8551 Boat Club Rd Ste 121-163

Fort Worth, TX 76179

940-210-2150

Angela@regionrealty.net

EXHIBIT D



TEXAS ASSOCIATION OF REALTORS®

# AUTHORIZATION TO RELEASE INFORMATION
## RELATED TO A RESIDENTIAL LEASE APPLICANT

USE OF THIS FORM BY PERSONS WHO ARE NOT MEMBERS OF THE TEXAS ASSOCIATION OF REALTORS® IS NOT AUTHORIZED.
®Texas Association of REALTORS®, Inc. 2006

I, _____Joel Johnson_____ (Applicant), have submitted an application

lease a property located at _____1501 Carringbee Lane Savannah TX_____

_____ (address, city, state, zip).

ie landlord, broker, or landlord's representative is:

_____ (name)

_____ (address)

_____ (city, state, zip)

_____ (phone) _____ (fax)

_____ (e-mail)

ive my permission:

(1) to my current and former employers to release any information about my employment history and income history to the above-named person;

(2) to my current and former landlords to release any information about my rental history to the above-named person;

(3) to my current and former mortgage lenders on property that I own or have owned to release any information about my mortgage payment history to the above-named person;

(4) to my bank, savings and loan, or credit union to provide a verification of funds that I have on deposit to the above-named person; and

(5) to the above-named person to obtain a copy of my consumer report (credit report) from any consumer reporting agency and to obtain background information about me.

_____ 8-6-11
Tenant's Signature                              Date

: Any broker gathering information about an applicant acts under specific instructions to verify some or all : information described in this authorization. The broker maintains a privacy policy which is available upon set.

2508) 10-16-07                                              Page 4 of 4

66

# YAHOO! MAIL
### Classic

**Jodi Johnson Refund**

From: "Jodi Johnson" <jjohnsonphile@yahoo.com>

To: "support@paylease.com" <support@paylease.com>

To Whom It May Concern:

I wanted to confirm my request for a refund that my Realtor Semontha Wallace has submitted for me. My transaction #5577717 8/10/2011 . Please confirm with me that this refund as well as the details of it have been submitted. Thank you. Jodi Johnson 317-366-8369

EXHIBIT E

68

September 9, 2011

U.S. Mail and CRR# 7010 1870 0001 2458 1854
Ms. Angela Fowler
Broker/Division Property Manager
Region Realty, Inc
8551 Boat Club Rd. Ste 121-163
Fort Worth, TX 76179

      Re: Residential Lease Application and Application deposit paid by Mrs. Jodi Johnson.
Our file no. 9667.01

Dear Angela Fowler:

      Please be advised that this firm represents Mrs. Jodi Johnson in regards to the Residential Lease Application (the "Application"), attached hereto as Exhibit A, and the Application Deposit. A payment receipt for the Application Deposit is attached hereto as Exhibit B. Demand is hereby made on Region Realty for refund of the Application Deposit paid by Mrs. Johnson in the amount of One Thousand Five Hundred Dollars ($1,500.00).

      On August 6, 2011, Jodi Johnson and her husband filled out the Residential Lease Application, and turned it in with an application fee of $30. On August 9, she was contacted by you and told to pay the Application Deposit online. On August 10, Jodi Johnson paid the $1,500 Application Deposit online which was accepted by your company. At no point before the Application Deposit was paid or the Application was accepted did you or any of your agents inform Mrs. Johnson or her husband that the Application Deposit was non-refundable, might be non-refundable, or that the Application itself was not valid or accepted by your company. No such action was taken by your company, and Texas law compels the opposite conclusion. On Monday, August 15, 2011, Ms. Johnson made a demand for the refund of the Application Deposit.

      A Security Deposit under the Texas Property Code is an "advance of money, other than a rental application deposit or an advance payment of rent, that is intended primarily to secure performance under a lease of a dwelling that has been entered into by a landlord and tenant." In fact, the Application states that "Unless Landlord and Applicant enter into a separate written agreement otherwise, the Property remains on the market until a lease is

signed by all parties and Landlord may continue to show the Property to other prospective tenants and accept another offer. No lease was ever signed and the Application Deposit was not an advance of rent, so the $1,500 is therefore not a Security Deposit. In fact, in your letter dated August 24, 2011, you acknowledge that the $1,500 is an Application Deposit.

An Application Deposit under the Texas Property Code is a "sum of money that is given to the landlord *in connection with a rental application*...." Furthermore, "[i]f a rental applicant requests that any acceptance of the applicant or any refund of the applicant's application deposit be mailed to the applicant, the landlord must mail the refund check to the applicant at the address furnished by the applicant." If this application deposit is not refunded, a landlord may be liable for an amount equal to the sum of $100, plus three times the amount of the application deposit ($4,500), and the applicant's reasonable attorney's fees in a suit to recover the Application Deposit. Therefore, under Texas law, you must refund the $1500 Application Deposit paid by Mrs. Johnson.

**THIS LETTER SHALL SERVE AS JODI JOHNSON'S FORMAL DEMAND UPON YOU FOR REFUND OF THE $1,500 APPLICATION DEPOSIT MADE IN CONNECTION WITH THE RENTAL APPLICATION.** We demand your refund made payable to Jodi Johnson by September 21, 2011, mailed to the Law Office of Dan E. Martens at 17101 Preston Road, Suite 160 S, Dallas, Texas 75248. In the event that you have not taken such action by then, our client shall, without further notice to you, take such legal action as it deems necessary to assert its rights to recover the Application Deposit and all damages recoverable under Texas law, including attorney's fees and costs.

Kindly, take due notice.

Yours very truly,

Dan E. Martens

DEM:ljp

3657.01 / Demand Ltr 9.9.11

Enclosures